PINSON v. PUCKETT.

1. OPENING AND REPLY—IMMATERIAL AVERMENTS.—Plaintiff sued on a decree in her favor against defendant. The answer admitted the decree and pleaded payment. *Held*, that as plaintiff on the pleadings alone would have been entitled to a full recovery of her demand, the defendant was entitled to the opening and reply, notwithstanding his denial of the immaterial averment that he had recently promised to pay the debt.

2. Construction of Record.—Where a complaint is based upon a decree of the Probate Court, it is the duty of the judge and not the province of the jury to construe the record of that court; and, so construing, the judge properly held that the defendant having been charged in his settlement of his testator's estate with a note due by plaintiff to him as executor, and having paid the balance ascertained to be in his hands, that note became a debt of plaintiff to defendant.

3. Payment by Exchange of Claims.—If plaintiff exchanged a debt due to her by defendant for a smaller debt due by her to defendant with the intent that this transfer should operate as satisfaction, the debts were discharged, and this question of intention was fairly submitted to the jury.

4. Dealings Between Trustee and Cestui Que Trust.—This court will not, after the lapse of fifteen years, reopen a voluntary settlement between fiduciary and beneficiary advantageous to the fiduciary where the beneficiary who demands the reopening does not allege any imposition or want of full information; particularly so where a complete readjustment would not benefit the complainant.

Before Wallace, J., Abbeville, January, 1891.

In this case, Hon. Joseph J. Norton, Judge of the eighth Circuit, sat in the place of Mr. Justice McGowan, who had been of counsel in the cause.

This was an action by Mary A. Pinson against Thomas R. Puckett, commenced December 22, 1890. The complaint alleged a judgment in favor of plaintiff against defendant, obtained in the Court of Probate, on December 18, 1873, for $482.59; that no part thereof had been paid, and defendant had promised to pay the same to within a few months before the commencement of this action. Defendant admitted the decree, but denied any indebtedness or any promise to pay since May 1, 1875, at which time there was a settlement and payment in full by him to plaintiff and receipt given by her.

It appeared in evidence that a decree had been rendered by the Court of Probate, in a proceeding to which the plaintiff was not a party, whereby it was ascertained that there was a balance of $482.59 in the hands of defendant, as executor, belonging to plaintiff, and a like amount to four others, and payment was directed; that in reaching the amount so found to be in his hands defendant was charged with $266.66 for slave note of $800,

given to him, as executor, by plaintiff during the war; that he had fully paid all the other distributees, and produced the receipt of plaintiff for the amount decreed to her, but that the consideration of this receipt was the surrender of the note of $800 held by him against her. Plaintiff denied that she had signed the receipt.

The judge charged the jury as follows:

*Mr. Foreman and Gentlemen:* You will remember here that the defendant was the executor of the estate of his brother, and that, according to his statement, the sale of the property was in 1862, and that the plaintiff bought part of the property, and that there was no final settlement of the estate until 1873, when the decree in court was made, and that was left standing until 1875, when it appears, as is shown on the paper introduced before you, that there is no obligation on the part of the defendant to the plaintiff. The plaintiff claims that she is entitled to the amount of her decree by the Probate Court, so this receipt is produced which is alleged to have been signed by the plaintiff. One of the issues in this case is whether or not the plaintiff signed that receipt. If she did not sign it, then the defence set up by the defendant falls to the ground; if she did sign, counsel claims that she is entitled to recover, for in point of fact that while the amount was $800, the note that she had given for four hundred and odd dollars, he still owes the balance on that decree of $266, which you will determine.

Now, suppose one man owes another a note for $100, and when it falls due the creditor agrees with his debtor, if you pay me $50 for that note, you can have it, and he pays him fifty dollars, the legal ground is that he can turn right round and go to a lawyer's office and sue him; and our courts have held that as a matter of justice between man and man, it must be confined strictly to the payment of money. That is, if a man says, you owe me one hundred dollars and I will discharge you if you pay me fifty dollars, and he pays him fifty dollars, still he is not discharged; the law says he still owes him fifty dollars. Judge Harper says that the other fifty dollars is still due. But as I said, it must be money. If there is anything of indeterminate

value, why that is good.   If one man owes another one hundred dollars and the creditor says, if you give me a dog or a chicken cock, I will give you the note, and he does it, why then the debt is paid, because the thing given for it is of indeterminate value.

Now Mr. Puckett says : "She told me that that property was sold in 1862, and you were in the army and here it is 1874, now you give me up that note and I will settle up." If that was the state of facts, she was bound by that compromise.   She owed that note, and it may be that she had some special reason why she wanted that note delivered up then and there, and she may have thought, I may be compelled to pay that note and I can't compel the administrator to pay me ; and if she said that, it is on a different footing than if she had said : You pay $266, and I will discharge you from the decree.   So if she said that, then the rule as I have laid down to you does not apply.   If, however, the understanding was : if you will pay me $266, I will release you from the amount of that decree, why then she is not bound by that sort of a contract, because to release him from the balance over and above the $266 was without consideration, and such a settlement does not bind her.   Mr. Foreman, if you sue your neighbor, and you come to the court and say that it has not been settled when you get $50 and your neighbor owes you $100, for the other $50 you have got no consideration and that does not bind you.   If you believe that that receipt was signed by Mrs. Pinson, she is bound by it ; if she did not sign it, then she is not bound by it ; if she said, if you will deliver me that note, I will discharge you, that will bind her ; but if she says, you pay me $266, she is not bound by it.

The plaintiff's counsel request me to charge the two following requests which I will read you : First.  "That as the answer alleges payment the defendant must prove payment, and cannot sustain his plea by proof of a compromise."   Now, payment can be made otherwise than by money.   For instance, if a man says, you give me your dog, I will give you your note, and that is accepted, that is a compromise if it is accepted as payment, and it is payment except under circumstances.   Second.  "That if the jury find that there was no consideration for the receipt, if such receipt was given, but the note due by Mary A. Pinson for the

negro debt, then the receipt can only be an acquittance for $266.66 with interest thereon from December 18th, 1873, the decree of the Probate Court having fixed that sum as the amount due on the note on that day, and the jury must find the balance for plaintiff, $215.93, with interest from December 18th, 1873." I cannot charge you either one of those requests.

So, Mr. Foreman, if you find for the plaintiff, state what you will find in words, not figures; if you find for the defendant, that is, that the plaintiff is not entitled to anything say : "We find for the defendant." Take the record.

Plaintiff appealed on the following exceptions :

I. Because the judge erred in refusing to allow the plaintiff to open and reply in the evidence and argument of the case, and in granting that right to defendant.

II. Because the decree in the Probate Court on December 18th, 1883, fixed the liability of the defendant, and it was error in the judge to hold that anything short of payment could discharge said liability.

III. Because said decree of the Probate Court operated as payment and satisfaction of the note of the plaintiff to Thomas R. Puckett, executor of R. M. Puckett, and the presiding judge erred in charging the jury that the plaintiff owed the note.

IV. Because the presiding judge erred in charging the jury as follows : "Now she owed that note and there may be that she had some special reason why she wanted that note delivered up then and there, and she may have thought that, I may be compelled to pay that note, and I cannot compel the administrator to pay me ; and if she said that, that puts the transaction upon a different footing."

V. Because a proper construction of the decree of the Probate Court upon which the suit was brought shows that the note of Mary A. Pinson was paid, and it was error in the presiding judge to hold otherwise.

VI. Because it was error in the presiding judge to hold that if the plaintiff was due the executor a note for $266.66, and the executor was due her on a decree the sum of $482.59, then that

a delivery of the note by the defendant to the plaintiff would satisfy the decree.

VII. Because the presiding judge erred in charging the jury "Now, if you believe that that receipt was signed by Mrs. Pinson, she is bound by it; if she did not sign it, then she is not bound by it. If she said, if you will deliver me that note, I will discharge you, that will bind her; but if she says, you pay me $266, she is not bound by it." Said charge not being applicable to the facts of this case.

VIII. Because the presiding judge expressed his opinion upon the facts of the case, when he charged the jury, "Now she owed that note," when that fact was one of the issues of the case for the jury, in any view that was taken of the case by the presiding judge.

IX. Because the presiding judge erred in holding that the delivery of the note of the plaintiff to her by the defendant put the case upon a different footing than a payment of that amount of money would have done.

X. Because the presiding judge erred in refusing plaintiff's motion to strike out the second paragraph of the defendant's answer for failing to state facts sufficient to constitute a plea of payment.

XI. Because the presiding judge erred in refusing to charge the jury, when requested by the plaintiff, "That as the answer alleges payment the defendant must prove payment and cannot sustain his plea by proof of a compromise."

XII. Because the presiding judge erred in refusing to charge, when requested by plaintiff, "That if the jury find that there was no consideration for the receipt, if such receipt was given, but the note due by Mary A. Pinson for the negro debt, then the receipt can only be an acquittance for $266.66 with the interest thereon from December 18th, 1873, the decree of the Probate Court having fixed that sum as the amount due on the note on that day, and the jury must find the balance for plaintiff, $215.93, with interest from December 18th, 1873."

*Messrs. Graydon & Graydon,* for appellant.

*Messrs. Parker & McGowan,* contra.

January 23, 1892. The opinion of the court·was delivered by

MR. JUSTICE NORTON. This is an action of debt on judgment, commenced 22nd December, 1890. The answer pleads payment. No reply was filed. It follows that any testimony in rebuttal or avoidance of the plea was admissible. There was but one conflict in the testimony, viz., defendant testified that he gave up to plaintiff her note in payment of the judgment sued on and took her receipt therefor, and plaintiff testified that there was no such transaction. The jury accepted defendant's as the true version and found a verdict for defendant.

To this court, on this appeal, the facts are that defendant, as executor of R. M. Puckett, sold to plaintiff, on 1st January, 1862, a negro for $800, and took her note therefor, bearing interest from day of sale; that afterwards Nancy L. Vance and Henry C. Puckett called defendant to account, in the Probate Court, for his executorship without making any of the other legatees parties; that that suit resulted in a judgment against defendant, 18th December, 1873; that each of five legatees (among whom the plaintiff in this action is named as one) be paid $482.59 by defendant. In the statement for settlement defendant is charged with plaintiff's said note at $266.66; that no part of the note was *in fact* paid ; that in pursuance of an agreement to that effect, on 1st May, 1875, defendant gave to plaintiff her said note in payment of the amount due by said judgment of the Probate Court and took her receipt, not under seal, acknowledging such payment. Defendant was held entitled to open and reply in evidence. Judgment was rendered for defendant, and plaintiff appeals.

Her 1st exception is to the granting of the opening and reply to the defendant. The case of *Addison* v. *Duncan & Clinkscales* (*ante*), decided at the present term, reaffirms and settles the principle that if, upon the pleadings alone, the plaintiff be entitled to recover the whole cause of action set forth in his complaint, then the defendant is entitled to open and reply in evidence and argument. Applying this test to the case in hand, we

find that if no evidence had been offered, plaintiff would have been entitled to recover. Defendant admitted the facts from which his indebtedness to plaintiff followed as a legal conclusion, and the presumption was that no part thereof had been paid. The plea of payment did not rebut this presumption; to do so required evidence. In passing we note in the complaint an allegation that defendant recently promised to pay the sum alleged to be due, and in the answer a denial of this allegation. Whether this allegation were true or false, in no way affected the right to recover or the amount of the recovery; these were fixed by defendant's admissions, unless he had paid the debt, and if he had, then there could have been no recovery, even if there had been subsequent promises to pay it, without any new consideration, which is not alleged. This allegation and its denial are immaterial. Plaintiff's 1st exception is overruled.

We do not understand the judge to have charged that anything "short of payment could discharge the liability" of defendant for the debt sued for. Plaintiff's 2d exception is overruled. The 9th and 10th exceptions were abandoned at the hearing.

The 3d, 4th, 5th, and 8th exceptions together allege error in the charge that in 1874 plaintiff owed the note, because the proceeding in the Probate Court showed that it had been previously paid, and the judge should have so charged, or because, at the very least, that was an issue of fact upon which the jury should have been permitted to pass without an expression of his opinion. Plaintiff's contention that it was the duty of the judge to interpret the record from the Probate Court is correct, and the other above stated facts in regard to the note not being controverted, the judge did not err in assuming them to be true, and announcing his conclusion of law that "she owed that note," unless he erred in his conclusion as to the effect of the proceeding in the Probate Court. *Robinson* v. *Robinson*, 20 S. C., 568, decides that an administrator, by charging himself in the *settlement* of an estate with a note belonging thereto, and paying the shares thus found due to the distributees, becomes the owner of the note, and may collect it from the estate of the maker. The charging of himself with the note of the plaintiff in the proceeding in the Probate Court cannot, therefore, be construed

as a payment of it to defendant. The 3d, 4th, 5th, and 8th exceptions are overruled.

The 6th, 9th, and 12th exceptions allege that the judge did not, but should have, charged that the value of the note was fixed by the Probate Court at $266.66, and that it ought not to have been credited at more on the debt sued on as so much money would have been, notwithstanding the agreement to receive it in full satisfaction. If the facts assumed in this position be true, then in *Bolt* v. *Dawkins* (16 S. C., 198) we find that intestate owed James B. Dawkins a sealed note which was cancelled and surrendered for a new unsealed note of a smaller amount. The court held that it was a question of intention whether the transaction operated as a *satisfaction* of the former, and says: "The fact that the new security was a smaller amount and of inferior rank does not alter the result." We do not think that the facts of the case in hand differ in principle. The question of intent to exchange the one debt for the other was fairly submitted to the jury. The 6th, 9th, and 12th exceptions are overruled.

Plaintiff argues that the transaction is so "advantageous to the defendant, a fiduciary," that it will not be allowed to stand against her, a beneficiary. But she does not allege in pleading nor in evidence, nor even in argument, that she had not the fullest information, nor that she was in any way influenced except by her own sound judgment. This court will not, after fifteen years acquiescence by the parties, open a settlement which appears to have been voluntarily and intelligently made, though it may have been advantageous to a fiduciary. If the transaction be annulled, it must be done as a whole. Then the only semblance of a link connecting plaintiff with the proceedings in the Probate Court would be broken. The question would then be whether the note would be equal to the plaintiff's interest in R. M. Puckett's estate. From the evidence before us we think the settlement in this view advantageous to plaintiff.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.