MARTIN v. SUBER.

1. ADMISSION BY ANSWER—OPENING AND REPLY.—Where the answer to a complaint on a promissory note admits the execution of the note sued on—as the statements of this answer were construed to have done—and pleads affirmative defences, the defendant assumes the burden of proof, and is entitled to open and reply, as, without any evidence, the plaintiff would be entitled to a recovery.

2. HUSBAND AND WIFE—AGENCY—PROOF.—A husband may act as agent of his wife, but she will not be bound by any contract of his making until it has been shown that he was authorized to make such contract for her.

3. IBID.—IBID.—IBID.—It having been suggested to the trial judge that he should charge, "that the actions and conduct of the husband of defendant may go towards establishing the agency" for her, the judge said: "I have told them they must take all the testimony they have heard bearing upon the subject of agency and determine that question. The husband's mere declarations do not establish agency." *Held*, that error could not be imputed to this charge, because (1) the charge was sufficiently responsive to the request; (2) there being no testimony printed in the record, it cannot be known whether there was any evidence on this point; and (3) the charge as asked for would have bound the wife by acts of her husband, whether she acquiesced in them or not.

4. IBID.—IBID.—EVIDENCE.—The agency of a husband for his wife cannot be established by his declarations, which would be mere hearsay evidence.

5. MARRIED WOMEN—INTENTION TO CHARGE—NOTES.—The act of 1887 (19 Stat., 819), which declares that "all conveyances, mortgages, and like formal instruments, affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate, whenever the intention so to convey or charge such separate estate is declared in such conveyances, mortgages, or other instruments of writing," does not include in its terms promissory notes with no such intention specifi-

cally declared therein, for they do not seem to be "like formal instruments," which "charge" an estate, nor instruments "affecting her separate estate," and they certainly cannot be so included where no such intention is in words declared.

6. CASE CRITICISED.—The decision of this court in Reid *v.* Stevens, 38 S. C., 519, stated.

Before IZLAR, J., Newberry, November, 1892:

Action by James N. Martin against Texanna Suber. The judge charged the jury as follows:

You are to deal with, and are the sole judges of, the facts. I cannot even intimate an opinion as to them. I can only give you the law applicable to the case, as I understand it, and leave you to find the facts and apply the law to the facts as you may find them from the evidence.

In this case the execution of the note sued on is admitted. On this point, therefore, you will have no difficulty.

There is, however, some difficulty as to the law of the case, and I confess that I have some doubts as to the principles of the law by which you should be governed in deciding the issues raised. But, be that as it may, you are to take the law from the court, and if I should err, there is a tribunal specially provided to correct my errors. Under the pleadings in this case, it seems to me that you must necessarily go back in your deliberations to the contract which is claimed to be the consideration of the note set out in the complaint. If the supplies furnished by the plaintiff in 1886 were furnished to the defendant for the benefit of her separate estate, and were used and expended by her in making the crops upon her plantation during the year 1886, I am of opinion that she could, even in 1888, have given a promissory note in settlement of the account for supplies, which would be binding upon her. This being the case, certain important questions are presented for your consideration. Were the supplies advanced to the defendant by the plaintiff, and for the benefit of her separate estate? Or were they advanced to her husband, on his own credit, and for his own benefit, and used by him in making his own separate crops, in which his wife had no interest, and from which her

separate estate derived no benefit? Or were the advances made to the defendant, and for the benefit of her separate estate, through her husband as her agent?

A husband may act as the agent of his wife in obtaining supplies for carrying on her farming operations on her separate estate. But the authority must be shown. Does the evidence satisfy you that in obtaining the supplies in 1886 the husband of Mrs. Suber was acting as her agent and with her authority? The mere declarations of the husband will not be enough to establish such agency. You must take all the testimony bearing upon this issue and answer the question. The burden of proof is upon the plaintiff on this issue, and he must prove the agency to your satisfaction. Now, if the testimony satisfies you that the supplies were advanced to Mrs. Suber directly, or through her husband as her authorized agent, and that these supplies were for the benefit of her separate estate, then the plaintiff would be entitled to recover the amount due on the note, with interest from its date. If, on the other hand, you are satisfied from the evidence that the supplies were advanced to the husband, to be used in making his own crops planted that year, in which his wife had no interest, and from which she was to derive no benefit, then the plaintiff would not be entitled to recover.

Again, if the supplies were advanced to the husband, and in 1888 Mrs. Suber gave her note to the plaintiff to secure the debt of her husband, her liability on the note would depend upon the construction of the act of 1887. Now, this act reads as follows: "All conveyances, mortgages, and like formal instruments of writing, affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate whenever the intention so to convey or charge such separate estate is declared in such conveyances, mortgages, or other instruments of writing." Now, what instruments of writing affecting a married woman's separate estate shall be effectual to charge the same? The act says: "All mortgages and like formal instruments of writing." When shall such instruments of writing be effectual to charge the separate estate of a married woman? The act says:

"Whenever the intention so to charge her separate estate is declared in the mortgage or other instrument of writing."

Is a promissory note a like formal instrument of writing with a mortgage? There are certain formalities attending the execution of mortgages, such as signing, witnessing, and delivery, and in cases of mortgages of real estate, sealing. The act says "all mortgages;" this includes chattel mortgages. The same formalities attend the execution of a promissory note as attend the execution of a chattel mortgage. Both require to be signed and delivered. It is true, that a chattel mortgage should be witnessed, if it is to be recorded. Yet witnessing is not essential to its due execution. It may, therefore, be concluded that a promissory note is a like formal instrument of writing with a chattel mortgage. But it is not every like formal instrument in writing that will be effectual to charge the separate estate of a married woman under the act. It is only those like formal instruments which affect her separate estate—that is, those instruments which act upon her separate estate; that is, create a lien or charge upon it which encumber it. Now, a promissory note is not such instrument of writing.

But, if we admit that a promissory note is one of the like formal instruments in writing included in the act, this cannot help the plaintiff, because the act says, in plain terms, such instrument in writing shall be effectual to charge her separate estate whenever the intention so to charge such separate estate is declared in the instrument in writing. This being the case, a mortgage—one of the instruments named in the act—would not be effectual to charge the separate estate of a married woman if the intention so to charge is not declared in the. mortgage. It will not do to say that the fact that a married woman executes a mortgage of her separate estate is a sufficient declaration of her intention to create a charge upon it. In interpreting statutes, the rule is that they must be so construed as that every word and clause shall have effect. If the mere execution of the mortgage was a sufficient declaration of the intention of a married woman to create a charge upon her separate estate, then these words of the act would be meaningless and

nugatory. There would be no necessity for them. And it will be borne in mind that the act says, "whenever," that is, at whatever time, the intention to charge is declared *in*, and not *by*, the mortgage or like formal instrument of writing. The provision was in the nature of a condition. It was intended to put the woman on her guard, to call specially to her attention the nature of the act she was about to perform, and to impress her with its solemnity. It was for her protection. In order to create a charge upon her separate estate, the act must be strictly followed. The power to charge her separate estate can only be exercised by complying strictly with the provisions of the statute. If this is done, a married woman, under the act of 1887, may charge her separate estate for the payment, not only of her own debt, but for the debt of her husband.

So, then, the first question for your consideration is to ascertain, as I have previously said, whether or not these supplies were advanced directly to Mrs. Suber, and for the benefit of her separate estate; and if you come to the conclusion that they were, then, as I have already said, the plaintiff would be entitled to recover. If you come to the conclusion, however, that they were not so advanced, but that they were advanced to the husband for his benefit and to carry on his farming operations, and were expended in the cultivation of his crops, and his wife had no interest in them, and derived no benefit from them, the plaintiff could not recover; and even in the event that they were advanced to the husband, and the defendant afterwards gave her note for it, I charge you that under this note the plaintiff could not recover, because the interpretation which I have given you of the statute of 1887, as I understand it, requires that it must be such an instrument as would affect the separate estate of a married woman, and I have already charged you that a promissory note is not such an instrument; and even were it such an instrument, this note could not create a charge upon her separate estate, because the declaration required by the act is not contained in the note. I have further charged you with reference to the agency, and you will remember the law which I have given you in regard to the husband's acting as the agent of his wife.

There was something said in this case by one of the witnesses, Mrs. Suber herself, that there were thirty or forty dollars of this note that was for supplies that were advanced to her, and for the benefit of her estate, and which she got the benefit of, and which her counsel said she was willing to pay. It is for you to ascertain from the testimony, if you can arrive at it, what' was the amount of this sum ; and if you come to the conclusion that it went to her benefit, and the testimony is satisfactory to you on this point, you would be warranted in finding that much of the note for the plaintiff; but I leave that entirely with you; you must ascertain that fact from the testimony which you have heard.

Is there anything further that you would have charged, gentlemen? (To counsel.)

*Mr. Carlisle:* Nothing, except that the actions and conduct of the husband may go towards establishing the agency.

*The Court:* I have told them they must take all the testimony they have heard bearing upon the subject of agency, and determine that question. The husband's mere declarations do not establish agency.

*Mr. M. A. Carlisle*, for appellant.

*Messrs. Johnstone & Cromer*, contra.

November 3, 1893, the opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action to recover a specific sum of money, which the defendant had promised to pay to the plaintiff by her promissory note. The first allegation in the complaint, and the only one which it is deemed necessary to notice, is in the following words: "That the defendant is indebted to plaintiff in the sum of six hundred and sixty-five dollars and ninety-two cents, with interest from the 27th day of January, A. D. 1888, at the rate of seven per cent. per annum, which said sum of money the defendant, by her promissory note, bearing date the 27th day of January, A. D. 1888, undertook and promised to pay to plaintiff, a copy of which note is as follows, to wit:

"665.92.                                    January 27, 1888.

"One day after date, I promise to pay to the order of J. N. Martin six hundred and sixty-five 92–100, for value received, with interest from date. (Signed)          Texanna Suber."

The defendant answered, saying: "1. That she emphatically denies that she is, or was, indebted to the plaintiff in the sum of six hundred and sixty-five dollars and ninety-two cents, with interest from the 27th day of January, 1888, as stated in the complaint, or in any sum whatever. 2. That she admits that she did sign a note similar to the one mentioned in the complaint, and that she supposes that said note is correctly exhibited in the complaint, but she denies that said note represents any debt of hers, or that it is in any sense binding upon her. 3. That she alleges that the plaintiff herein had a claim or account against Mr. J. Benson Suber, of the county and State aforesaid, and urged her to give her note for, or assume the payment of, the said claim or account, at the same time, and as an inducement to her to accede to his request, promising her that she should pay the same when it suited her convenience, and at no other time, and distinctly promising her that she should not be pressed in the payment thereof; that under these promises she signed a note for said indebtedness of the said J. Benson Suber, the same being the note herein sued on; that if said note is to be held binding upon her, she demands that it be reformed by this court so as to conform to the real contract by her, if any legal contract she made with the plaintiff." In the fourth paragraph of the answer the defendant alleges: "That at the time of the signing of said note, and at the present time, she was, and is, a married woman," and had no legal capacity to make any contract such as that evidenced by said note. In the fifth paragraph she alleges that she has been damaged to an amount stated, by the conduct of the plaintiff in inveighing her into the signing of the said note, and by failing to incorporate therein the terms and conditions upon which she so signed, and by his failing to observe said terms, for which amount she demands judgment against the plaintiff.

The plaintiff replied, denying the material allegations contained in defendant's answer, upon which she rests her defence.

At the trial, defendant's counsel stated "that the execution of the note being admitted," the defendant had the right to open and reply, and the court so ruled, to which exception was duly taken by plaintiff's counsel. The trial proceeded accordingly, and after a charge by the Circuit Judge, a copy of which should be inserted in the report of this case, the jury found a verdict for defendant, and the plaintiff appeals from the judgment entered thereon upon the following grounds, alleging error on the part of the Circuit Judge in his ruling and in his charge in the following particulars: 1. In that he held that the defendant had the right to open and reply in this action, and that the burden of proof was upon the defendant. 2. In that he charged the jury, that the mere declarations of the husband were not enough to establish agency for the wife in this action, and that the burden of proof was upon the plaintiff on this issue, and that plaintiff must establish the agency to the satisfaction of the jury. 3. In that he charged the jury, that even in the event that the supplies were advanced to the husband, and the defendant afterwards gave her note for them, the plaintiff could not recover on this note, as the statute of 1887 requires that it must be such an instrument as would affect the separate estate of a married woman, and a promissory note is not such an instrument; and even if it were, this note could not create a charge upon her separate estate, because the declarations required by the act is not contained in the note. 4. In that he refused or neglected to charge the request of the plaintiff, that the actions and conduct of the plaintiff (?) may go towards establishing the agency."

As to the first ground of appeal, it is clear that there is no ground for the alleged error there complained of. Since the case of *Addison* v. *Duncan*, 35 S. C., 165, where the previous cases were collected and reviewed, it must be regarded that the rule is well settled, that where the plaintiff's whole cause of action is admitted by the pleadings, and the defendant relies solely upon an affirmative defence, which, of course, he is bound to establish, the burden of proof is upon the defendant, and he is entitled to open and reply. As is there said: "The true test is, who would be entitled to the ver-

dict if the case is submitted to the jury simply upon the pleadings, without evidence being adduced by either side? If the plaintiff, then unquestionably the defendant, being the actor, would be entitled to open and reply." Applying this test to the case under consideration, it is clear that there was no error in the ruling complained of. The plaintiff here sought to recover damages for the breach of the contract evidenced by the note set out in the complaint, and all that it was necessary for him to show to entitle him to recovery, was the execution of said note by the defendant. But when the execution of the note was admitted in defendant's answer, there was nothing left for the plaintiff to prove, and hence if the case had been submitted to the jury upon the pleadings simply, without any evidence being adduced on either side, there can be no doubt that the plaintiff would have been entitled to the verdict; as the only fact, which it would otherwise have been necessary for him to prove, having been admitted by the pleadings, there was nothing left for him to prove, and under such admission he would unquestionably have been entitled to recover.

It is urged in the argument on behalf of the appellant, that the execution of the note was not, in fact, admitted by the answer; and to meet this view, we have been particular to set out the pleadings more fully than otherwise would have been deemed necessary. It seems to us impossible to read the answer without perceiving that the execution of the note was distinctly admitted more than once. In the second paragraph of the answer the language is: "That she admits that she did sign a note similar to the one mentioned in the complaint, and that she supposes that said note is correctly exhibited in the complaint." In the third paragraph the language is: "That under these promises she signed a note for said indebtedness of the said J. Benson Suber, *the same being the note herein sued on*" (italics ours). And in the fourth paragraph of the answer defendant says: "That at the time of the signing of said note," referring plainly to the note set out in the complaint, she was a married woman, &c. In the face of these repeated admissions contained in the answer, we are at a loss to conceive how it is possible to deny that the execution of the note was ad-

mitted in the pleadings.  This case differs materially from the
case of *McConnell* v. *Kitchens*, 20 S. C., 430, for there the action
was based upon a written contract containing certain terms
and stipulations, while the defendant in his answer, in effect,
denied that the contract was properly described in the com-
plaint, and, on the contrary, alleged that the contract really
contained other terms and stipulations, as appeared by a copy
thereof set out in the answer.  Hence, it was very properly
held, that the defendant, not having admitted in his answer
plaintiff's cause of action, as set out in the complaint, was not
entitled to open and reply.  Here, however, the defendant in
her answer did distinctly admit the execution of the note set
out in the complaint, and hence she was entitled to open and
reply.

The second and fourth grounds of appeal, both relating to
alleged errors in the charge in respect to agency, may be con-
sidered together.  It seems to us that when the Circuit
Judge instructed the jury that it was competent for a
husband to act as agent for his wife, and that it was for
them to determine whether the evidence was sufficient to show
that, in this case, the husband was acting as the agent of his
wife in purchasing the supplies for which the note was given,
the jury were properly instructed as to the law applicable to
that view of the case; for it certainly needs neither argument
nor authority to show that before one person can be made lia-
ble for a contract made by another, there must be satisfactory
evidence that the person making the contract had the author-
ity of the person sought to be charged to make such contract.
In other words, there must be satisfactory evidence of agency.
This evidence may be direct or circumstantial, and when the
jury were told that they "must take all the testimony bearing
upon this issue and answer the question," we do not see what
more could be required.

As to the alleged refusal of the implied request to charge
"that the actions and conduct of the husband may go towards
establishing the agency," we think it is answered by
several considerations.  In the first place, the judge did
not refuse to so charge the jury; on the contrary, his

reply was: "I have told them they must take all the testimony they have heard bearing upon the subject of agency and determine that question." In the second place, the testimony not being either set out or stated in the "Case," we have no means of ascertaining whether there was any testimony upon which such a request could have been based. But, in the third place, we do not think that such a request could properly have been granted in its unqualified form, and, therefore, under the well-settled rule that when requests are submitted, unless they are correct as submitted, they may be refused, there is no error in refusing such requests. *Gunter* v. *Graniteville Company*, 15 S. C., 443; *Columbian Insurance Company* v. *Lawrence*, 2 Peters, 25; *Indianapolis R. R. Co.* v. *Horst*, 93 U. S., 291. Now, if, as we shall presently see, mere declarations of the alleged agent are not competent to establish the agency, upon the same principle mere actions and conduct of the alleged agent would not be competent to establish agency. Hence, even if the Circuit Judge had flatly refused to charge in accordance with this implied request, which, however, we do not think he did, there would have been no error; for the mere actions and conduct of the husband, unless shown to have been known to and acquiesced in by the wife, would not be competent evidence of the agency. That "the mere declarations of the husband will not be enough to establish such agency," seems to us too plain for argument. It would be a very dangerous doctrine to establish, that one person could be made liable for a debt contracted by another, simply by the declarations of the person contracting the debt that he was acting as agent of the person sought to be charged. Indeed, we think that until there is some other evidence of the agency, such declarations are mere hearsay, and as such incompetent. See 1 Greenl. Evid., p. 158, note (b), and cases there cited. *Renneker* v. *Warren*, 17 S. C., 139.

It only remains to consider the third ground of appeal, which, as it seems to us, was taken under a misconception of the judge's charge. In the first part of the charge the jury were fully and properly instructed as to the law applicable to the case outside of the act of 1887, in terms to which no exception was or could be taken. But as the note sued on was

executed after the passage of that act, it became necessary to
construe that act in order to ascertain whether the defendant
would be liable, even though the jury should come to the con-
clusion that the supplies, which constituted the consideration
of the note, were furnished to the husband and not to the wife.
It is very manifest that the jury must have reached the conclu-
sion that the supplies were furnished to the husband and not
to the wife, for otherwise their verdict, under the first part of
the charge, would necessarily have been in favor of the plain-
tiff. So that this ground of appeal raises only the question
whether the Circuit Judge put the proper construction upon
the act of 1887. The first section of that act (the only one
pertinent to this controversy) reads as follows: "All
conveyances. mortgages, and like formal instruments of
writing, affecting her separate estate, executed by a
married woman, shall be effectual to convey or charge her
separate estate whenever the intention so to convey or charge
such separate estate is declared in such conveyances, mortgages,
or other instruments of writing." As was held in *Scottish &c.
Company* v. *Mixson*, 38 S. C., 432, the manifest object of that
act was to effect a radical change in the previous law, not only
by substituting a question of intention for a question of power,
but declaring how such intention should be manifested. Hence,
whenever a question as to the liability of a married woman on
any of the classes of written instruments referred to in the act
is presented, the question is no longer a question whether the
married woman had the power to make such instrument, but
the sole inquiry is whether she has declared her intention, in
the instrument, to charge her separate estate.

It will be observed that the act does not cover *all* instruments
in writing, but only "conveyances, mortgages, and like formal
instruments of writing" affecting the separate estate of the
married woman. Hence, unless the instrument in writing in
a given case falls within one or the other of the classes men-
tioned, the act will not apply. So that the first inquiry here
is whether a mere promissory note falls within either of the
classes mentioned. We agree with the Circuit Judge that it
does not, for the reason that it is not a "like formal instrument

in writing" to either of the classes specifically mentioned—conveyances or mortgages—which necessarily imply a transfer of, or a charge upon, the separate estate of the married woman. This is not only implied from the essential nature of the instruments specified, but also from the subsequent words in the statute, "shall be effectual to convey *or charge her separate estate.*" Now it is very clear that a simple promissory note has none of the elements of a conveyance, and it seems to us equally clear that a note cannot properly be said to be *a charge* upon any estate. But even if we are in error in this latter respect, a note is certainly not an instrument affecting the separate estate of the married woman.

But without resting our decision upon this point, it is sufficient for us to say that the absence of any declaration of intention on the part of the maker of the note, in the note upon which the action was based, was abundantly sufficient to take the case out of the operation of the statute. For this court has held, in the case of *Reid* v. *Stevens*, 38 S. C., 519, that even in the case of a formal mortgage of real estate, which does not contain the declaration of intention provided for by the act of 1887, the married woman will not be bound unless it appears that the contract which the mortgage was given to secure, was a contract as to her separate estate.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.