YANCEY *ET AL.* v. SOUTHERN WHOLESALE LUMBER CO.

(123 S. E., 767)

1. COURTS—UNAPPEALED ORDER DIRECTING VERDICT HELD RES JUDICATA.—The correctness of Circuit Judge's order, directing a verdict for defendant on the complaint, which order was not appealed from, is *res judicata*, and it is conclusively presumed to have been right for all purposes, and the error, if any therein, cannot be urged by plaintiffs as additional ground for sustaining another ruling.

2. TRIAL—DEFENDANT HAS RIGHT TO OPEN AND CLOSE, WHERE VERDICT DIRECTED ON COMPLAINT AND COUNTERCLAIM IS IN ISSUE.—Where Court directed a verdict for defendant on the complaint, defendant had the right to open and close argument to jury on the counterclaim.

3. TRIAL—DENIAL OF RIGHT TO OPEN AND CLOSE REVERSIBLE ERROR.—The right to open and close the argument to jury is a substantial right, the denial of which is reversible error.

Before DEVORE, J., Richland, September, 1923. Reversed and remanded.

Action by B. E. Yancey and others against the Southern Wholesale Lumber Co. From a judgment for plaintiffs on defendant's counterclaim, defendant appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Right to open and close:* 35 S. C., 165; 98 S. C., 180; 56 S. C., 267; C. C. Rule No. 59; 35 S. C., 178; 39 S. C., 525; 50 S. C., 25; 63 S. C., 291; 106 S. C., 775; 107 S. C., 294; 19 S. C. L., 251; 1 S. C. L., 248; 10 S. C. L., 356; 140 Pac., 956; 127 S. W., 103; 98 N. W., 111; 47 S. W., 627; 97 S. W., 1002; 111 S. E., 504; 15 Enc. Pl. & Pr., 191. *Conversion:* 26 R. C. L., 1113, 1117, 1119; Code, 1922 Vol. 3, Sec. 5628; 73 S. C., 405; 108 S. C., 435; 74 S. C., 454; 112 S. C., 248; 43 S. C., 203.

*Messrs. Nettles & Tobias* and *W. B. Marion,* for respondent, cite: *Interpretation of contracts:* 100 S. C., 1. *Directed verdict:* 118 S. C., 431. *Presumption that property was rightfully removed:* 26 R. C. L., Sec. 62, p. 1148. *Remedy not conversion:* 26 R. C. L., Sec. 30, p. 1119; 114 S. C., 387; 28 S. C., 255. *Acts should be submitted to jury under proper instructions:* 6 Rich. L., 31; 1 Rich. L., 318; 74 S. C., 450; 43 S. C., 20.

July 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon several promissory notes, secured by chattel mortgage on certain machinery (tractor and trailers) which had been sold by the plaintiffs to the defendant. The machinery was levied upon under an attachment issued by the Clerk of Court. The answer admitted execution of the notes, denied certain allegations of the complaint as to the amount due, set up a counterclaim for damages on account of breach of warranty, and alleged fraud in the representations as to the quality of the machinery.

After the pleadings had been made up, a consent order was signed by the Clerk of Court, under which, according to its terms, the attached machinery was delivered by the sheriff to the plaintiffs, to be sold by them, "for the best interest of all concerned," upon the execution by them of a

surety bond for $5,000, to respond to such judgment as the defendant might recover in said action upon its counterclaim.

During the course of the trial it developed that the plaintiffs had removed all the machinery to Atlanta, had sold a part of it at private sale for $5,500, and had the remainder stored in a warehouse.

After the plaintiffs had closed their case, the defendant had offered evidence in support of its counterclaim, and the plaintiffs had replied, the defendant made a motion for a directed verdict in its favor as to the plaintiffs' cause of action, upon several grounds, which motion was sustained by his Honor, who held: "My judgment also is that, when they removed that property from this State, took it out of the jurisdiction of the courts of this State, and sold it at private sale, without giving any notice whatsoever to the defendant of the sale, they were guilty of a conversion," regardless of the price at which it was sold. He thereupon directed a verdict in favor of the defendant, "in so far as the suit on these notes is concerned."

Thereupon counsel for the defendant remarked, "That being so, I think the only thing remaining is the counterclaim," to which the Court replied, "Yes, sir, that is my construction of it"—counsel for the plaintiffs taking no part in the colloquy.

Counsel for the defendant then insisted that, as the plaintiffs' cause of action was eliminated by the direction of a verdict, and that as nothing remained except the defendant's counterclaim, the defendant was entitled to open and close in argument to the jury. His Honor refused to sustain the defendant's contention, holding that the plaintiffs were so entitled. After arguments in this order and the charge of the Court, the jury returned a verdict in favor of the plaintiffs upon the counterclaim of the defendant.

It is assumed, though not so specifically stated in the record for appeal, that appropriate judgments were entered

upon these verdicts. The defendant has appealed from the judgment entered in favor of the plaintiffs upon the defendant's counterclaim; the plaintiffs have not appealed from the judgment entered in favor of the defendant upon the plaintiffs' cause of action.

The correctness of the circuit Judge's order, directing a verdict in favor of the defendant upon the plaintiffs' cause of action, not having been appealed from, is *res adjudicata*. It is conclusively presumed to have been right for all purposes; and the error, if any therein, cannot now be urged by the plaintiffs as an additional ground for sustaining the circuit judge's ruling upon the opening and reply in argument, or for any other purpose.

The sole question in the appeal, therefore, is whether or not there was error on the part of the Circuit Judge in denying to the defendant the right to open and close the argument to the jury.

This state has followed the weight of authority in holding that the right to open and close the argument to the jury is not a matter within the discretion of the trial Court, but is a substantial right, the denial of which is reversible error. *Addison v. Duncan,* 35 S. C., 165; 14 S. E., 305. *Barnett v. Gottlieb,* 98 S. C., 180; 82 S. E., 406; 38 Cyc. 101. *Brown v. Kirkpatrick,* 5 S. C., 267. The question has arisen in other cases, in all of which the right is recognized as a substantial one. *Pinson v. Puckett,* 35 S. C., 178; 14 S. E., 393. *Martin v. Suber,* 39 S. C., 525; 18 S. E., 125. *Beckham v. R. Co.,* 50 S. C., 25; 27 S. E., 611. *Thompson v. Ins. Co.,* 63 S. C., 291; 41 S. E., 464. *Pinson v. Bowles,* 116 S. C., 47; 106 S. E., 775. *Sternheimer v. U. C. T.,* 107 S. C., 294; 93 S. E., 8.

While it is obvious that rule 59 of the Circuit Court does not control the situation, the decisions construing that rule disclose the reason for the rule, which really would control if there was no such rule:

"The true test is, who would be entitled to the verdict if the case is submitted to the jury simply upon the pleadings, without evidence being adduced by either side? If the plaintiff, then unquestionably the defendant, being the actor, would have the right to open and reply." *Addison v. Duncan, supra.*

After the plaintiffs' cause of action had been eliminated, the defendant became the complainant as to the counterclaim. This was denied by the reply of the plaintiffs, and, if the case had been submitted upon these pleadings without evidence, the verdict should have gone to the plaintiffs. The fundamental rule is that he who alleges must prove; he assumes the burden of conviction and is entitled to the opening and reply. See, also, Anonymous, 1 Hill, 251. *McKenzie v. Mulligan,* 1 Bay, 248. *Millet v. Singleton,* 1 Nott & McC., 356.

The contention of the appellant is specifically sustained by many authorities from other jurisdictions. *Bass v. Harbour,* 42 Okl. 335; 140 Pac. 956. *Dorrell v. Sparks,* 142 Mo. App. 460; 127 S. W., 103; *Schaffer v. Coal Co.,* 122 Iowa, 233; 98 N. W. 111. *Fitch v. Parker,* (Ky.) 47 S. W., 627; *Absher v. Franklin,* 12 Mo. App., 29; 97 S. W., 1002; 15 Ency. Pl. & Pr., 191. *Whitney v. Brownewell* 71 Iowa, 251; 32 N. W., 285. *Washington Co. v. Webster,* 68 Me., 449. *Congdon v. Wagon Co.,* 56 Okl. 201; 155 Pac., 597. *Baskett v. Rash,* 165 Ky., 468; 177 S. W., 239.

It follows that the judgment in favor of the plaintiffs upon the defendant's counterclaim must be reversed, and the case remanded to the Circuit Court for a new trial thereon, the judgment in favor of the defendant upon the plaintiffs' cause of action, unappealed from, standing; and it is so ordered.

Messrs. Justices Watts, Fraser and Marion concur.

Mr. Chief Justice Gary did not participate.