20869

SPRINGS MILLS, INC., Respondent, v. Nevin F. BROOME, Individually, and d/b/a Dalton Carpet Sales, and Dalton Carpet Industries, Incorporated, Appellant.

(251 S. E. (2d) 673)

*Russell W. Templeton,* Columbia, for appellant.

*Stephen D. Baggett* and *Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen & Blanton,* Columbia, for respondent.

January 31, 1979.

GREGORY, Justice.

Appellant Nevin F. Broome appeals from an adverse jury verdict in an action brought by respondent Springs Mills, Inc. to recover contract damages. The issue is whether the lower court erred by refusing to permit the appellant, who was the defendant below, to open and close jury arguments.

We affirm.

The complaint of Springs Mills alleges that it sold carpet to Dalton Carpet Sales for which it has not been paid; and that Nevin Broome executed a guarantee in favor of Springs Mills guaranteeing the payment of the carpet plus fifteen (15%) percent as an attorney's fee.

The answer of Nevin Broome contains a general denial plus a counterclaim.

At trial respondent was granted a directed verdict for the value of the carpet. The trial judge refused to direct a verdict for respondent for attorney's fees.

The appellant then moved for permission to open and close jury arguments, alleging that the only issue left for the jury was his counterclaim for which he bore the burden of proof. This motion was denied. The case was submitted

to the jury and a verdict was returned for respondent as to appellant's counterclaim. This appeal followed.

The privilege of opening and closing jury arguments in the Circuit Court is governed by Circuit Court Rule 58 which provides:

On all rules to show cause where a party failing to answer would be in contempt, the party called on shall begin and end his cause; and on all motions of special matters, either springing out of the cause or otherwise, the actor or party submitting the same to the Court shall in like manner begin and close; and so shall the defendant, where he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof, have the like privilege.

The party having the opening in an argument shall disclose fully the law upon which he relies if demanded by the opposite party.

Under the express terms of this rule, a defendant is given the privilege of opening and closing jury arguments only "where he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof." Appellant does not contend that he complied with the requirements of this rule.

Appellant argues instead that he was entitled to open and close jury arguments under the authority of *Yancey v. Southern Wholesale Lumber Co.,* 129 S. C. 48, 123 S. E. 767 (1924). In *Yancey, supra,* the defendant was granted a directed verdict as to the plaintiff's cause of action, leaving only the defendant's counterclaim remaining. This Court reversed the trial judge's refusal to permit the defendant to open and close jury arguments, stating:

While it is obvious that rule 59 of the circuit court does not control the situation, the decisions construing that rule disclose the reason for the rule, which really would control if there was no such rule:

"The true test is, who would be entitled to the verdict if the case is submitted to the jury simply upon the pleadings, without evidence being adduced by either side? If the plain-

tiff, then unquestionably the defendant, being the actor, would have the right to open and reply." *Addison v. Duncan* [35 S. C. 165, 14 S. E. 305], *supra.*

After the plaintiffs' cause of action had been eliminated, the defendant became the complainant as to the counterclaim. This was denied by the reply of the plaintiffs, and, if the case had been submitted upon these pleadings without evidence, the verdict should have gone to the plaintiffs. The fundamental rule is that he who alleges must prove; he assumes the burden of conviction and is entitled to the opening and reply. See also, *Anonymous,* 1 Hill, 251; *McKenzie v. Muligan,* 1 Bay, 248; *Millett v. Singleton,* 1 Nott & McC. 356. 123 S. E. at 768.

Respondent contends that *Yancey* is not applicable to the factual situation here presented, but was granted permission under Rule 8 Section 10 of our Rules of Practice to attack or argue against *Yancey* if this Court concludes otherwise. We refrain from either approving or disapproving the holding in *Yancey* since we agree with respondent that the distinguishable facts in that case render it inapplicable to this appeal.

In *Yancey* the directed verdict eliminated the plaintiff's entire cause of action, leaving only the defendant's counterclaim. Here, the directed verdict eliminated only part of respondent's cause of action and left the issue of attorney's fees unresolved. Respondent bore the burden of proof as to this issue and the lower court correctly found that respondent was entitled to open and close jury arguments.

Accordingly, the judgment below is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.