277 S.C. 495 (1982)
289 S.E.2d 645
James F. RICE, Mrs. Ruby Ditmer (Mortgagee), and Standard Savings and Loan Association (Mortgagee), Appellants,
v.
SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.
21675
Supreme Court of South Carolina.
March 18, 1982.
*496 Timothy G. Quinn, Columbia, for appellants.
Atty. Gen. Daniel R. McLeod and Asst. Atty. Gen. Keith M. Babcock, and William F. Austin and A. Camden Lewis, both of Barnes, Austin & Lightsey, Columbia, for respondent.
March 18, 1982.
LITTLEJOHN, Justice:
The Respondent, South Carolina Department of Highways and Public Transportation, required for public use, as permitted by Chapter 5, § 57-5-310 et seq. of the Code of Laws of South Carolina (1976), approximately one and one-fourth acres of land owned by the Appellant, James F. Rice. Pursuant to §§ 57-5-380 to 57-5-490, a Board of Condemnation held a hearing and made an award of $122,000 to the landowner. As permitted by § 57-5-500, the Department appealed to the Circuit Court and the issue of the amount of the award to be paid was tried de novo before a jury, resulting in an award of $78,833. The landowner has appealed to this Court, alleging that the verdict of the jury should be set aside and a new trial granted because of errors committed at the jury trial. We affirm.
In the jury proceeding, Code § 57-5-460, there is cast upon the landowner the burden of proving his damages but "... only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered."
Code § 57-5-470 permits as an offset "... benefits to be derived by reason of the proposed road construction, ...". The burden of proving benefits is upon the Department.
*497 Accordingly, in this case, each of the litigants had a burden on proof.
The proceedings in this case are de novo, such that the award of the Condemnation Board is not submitted to the jury. Either the Department or landowner may appeal. There are no pleadings in the usual sense of the word and normally in lieu of pleadings there is available to the Court only the Notice of Taking and the Notice of Appeal. Little guidance for the bench and bar is available from either the statutory law or the rules of the Court, but well-established procedures and practices have been developed over the years. Much is left to the discretion of the trial judge.
At trial, counsel for the landowner submitted to the Court that he was entitled to have the opening and closing arguments before the jury. The trial judge denied the request and ruled that the Department, being the appealing party, was entitled to the opening and closing argument. Rule 58 of the Circuit Court deals with opening and reply arguments but does not specifically cover a special proceeding, as in a highway condemnation de novo trial before the jury. We are of the opinion that the ruling of the trial judge was correct and is in keeping with the practice heretofore used and found satisfactory in this state. It is more usual in these de novo hearings that the landowner is the appellant. In such instances, the landowner is the moving party, presents his evidence first and has the right to open and close. Here the Department is the appellant and assumed the burden of going forward with the presentation of evidence.
Counsel for the landowner submits that the traditional test as to the right to open and close is determined by who would be entitled to the verdict if the case were submitted on the pleadings, citing Yancey v. Southern Wholesale Lumber Company, 129 S.C. 48, 123 S.E. 767.
"The true test is, who would be entitled to the verdict if the case is submitted to the jury simply upon the pleadings, without evidence being adduced by either side? If the plaintiff, then unquestionably the defendant, being the actor, would have the right to open and reply."
*498 Counsel for the landowner contends that if no evidence were submitted the landowner would not be entitled to the Board award. We disagree. We agree with counsel for the Department who argued: "If ... neither side presents any evidence, then the most logical action by the trial court would be to reinstate the Board award."
We hold that the trial judge committed no error in allowing the Department to open and close in jury arguments.
Several additional exceptions are taken based on the action of the judge and/or the jury. As relates to these additional exceptions, we are of unanimous view that no questions of precedential value are involved and no error of law appears. Accordingly, all other questions and exceptions than the one dealt with hereinabove are dismissed under our Rule 23.
Affirmed.
LEWIS, C.J., and NESS, GREGORY and HARWELL, JJ., concur.