## ADDISON v. DUNCAN.

1. APPEAL—TAXATION OF COSTS—FINAL JUDGMENT.—Judgment of the Circuit Court being reversed and a new trial ordered, questions as to taxation of costs under the judgment so reversed cannot properly be considered, but must await the final judgment.

2. OPENING AND REPLY.—When the defendant, by his pleadings, admits the plaintiff's cause of action as stated in the complaint and relies solely upon an affirmative defence, based upon facts stated in the answer, so that without evidence by defendant the plaintiff would be entitled on the pleadings to a verdict, the defendant has the opening and reply. *Cases reviewed.*

3. IBID.—The complaint alleged the execution by defendants of the note sued on, and that plaintiff was still the owner and holder thereof, and that no part had been paid, and that there was still due and owing thereon a sum stated. The answer admitted the execution of the note, and not denying its other allegations, set up an affirmative defence in bar. *Held,* that all the allegations of fact in the complaint were ad-

mitted by the answer, and defendant was entitled to open and reply. MR. JUSTICE McGOWAN, *dissenting.*

Before ALDRICH, J., Abbeville, February, 1890.

This was an action by W. P. Addison against Richard Duncan and A. J. Clinkscales. The appeal was argued January 8, 1891, before Justices McIver and McGowan, who ordered a reargument. The reargument was had December 21, 1892. The opinion states the case.

*Messrs. Benet & Cason,* for appellants.

*Messrs. Parker & McGowan,* contra.

January 11, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action on a note, and the plaintiff,in his complaint alleged, *first,* the execution by defendants to the plaintiff of the note sued upon, setting out a copy thereof. *Second,* "that the plaintiff is still the legal owner and holder thereof, and that no part thereof has been paid, and there is still due and owing thereon" the amount mentioned in the note, with interest at the rate therein stipulated for. The defendants answered, admitting the execution of the note, and setting up as a defence : 1st. "That there was no consideration for the said note, but the same was given by mistake." 2nd. Setting out the circumstances under which the note was given, to wit, for a balance supposed to be due on an old note, upon which a large amount was paid in cash, leaving, as was supposed, a balance still due thereon to the amount for which the note in question was given, but that an accurate calculation would show that there was in fact no balance due. Upon reading the pleadings counsel for defendants claimed the right to open and reply, upon the ground that they had admitted the plaintiff's cause of action as set forth in the complaint, and relied only on the affirmative defence set up in their answer. This claim was disallowed by the Circuit Judge, and the case proceeded to trial and judgment in favor of the plaintiff. The defendants appeal, alleging error in the refusal of their motion to be allowed to open and reply.

It is stated in the "Case" that the parties had agreed to submit certain questions as to the taxation of costs, upon which the Circuit Judge had ruled unfavorably to the plaintiff. But as we have reached the conclusion that there must be a new trial because of error in refusing the motion of defendants to be allowed to open and reply, it would be premature to consider any question as to the taxation of costs until after final judgment under the new trial to be ordered.

The question as to which party is entitled to open and reply has always been regarded, in this State at least, as a material matter, and the practice upon the subject has long been regulated by rule of court. See rule 55, adopted in 1800 ; rule 53, adopted in 1814 ; rule 62, adopted in 1837 ; in Miller's Comp., pp. 18, 25, 42 ; rule 59 (now of force), adopted in 1879, p. 32, the only change being that in the old rules the provision was that the defendant should be allowed this privilege "when he admits the plaintiff's case," whereas in the present rule this is made more distinct by the addition of the words, "by the pleadings." The only effect of this change was to make the rule conform *in words* to the construction which had been previously placed upon the language of the former rules ; for, as may be seen by reference to the cases of *Administrators of Gray* v. *Cottrell* (1 Hill, 38), *Anonymous* (1 Hill, 252), and *Johnson* v. *Wideman* (Dudley, 325), it was always held that the rule should be construed as meaning an admission *by the pleadings*, and therefore where the defendant pleaded the general issue, and at the trial admitted the plaintiff's case, he was not entitled to open and reply, because such admission was not of record.

The rule of court now of force being thus practically the same as before, decisions made under the former rule are applicable now ; and, with a view to settle this point, we propose to review such cases upon the subject as we have been able to find in addition to the cases cited by counsel. The first is *Singleton* ads. *Millet* (1 Nott & McC., 355), in which the action was trespass *quare clausum fregit*, to which the defendants pleaded *liberum tenementum*, and the plaintiff replied *de injuria sua propria absque tali causa*, and issue was joined thereon. Evidence was given on both sides as to the title, and the defendants claimed

the right to reply, which was refused by the Circuit Judge.
*Held*, that this was error, because the defendant having admit-
ted the plaintiff's case, and tendered a new issue, was entitled,
under the rule of court, to the reply.

In *Administrators of Gray* v. *Cottrell* (1 Hill, ·38), the action
was debt on a single bill—plea general issue and unsoundness of
a negro part of the consideration of the bill.   On the trial de-
fendant admitted the execution of the single bill, and the real
controversy was as to the soundness of the negro, in the course
of which a question as to the competency of certain testimony
was raised.   *Held*, that the defendant was not entitled to reply,
doubtless because (although no reason is given) the defendant's
admission *at the trial* of the execution of the single bill was not
an admission of record, for such seems to be the construction put
upon that case by Evans, J., in the case of *Johnson* v. *Wideman*,
to be cited.

In *Anonymous* (1 Hill, 251), the action was for slander, to
which the general issue was pleaded, as well as a plea of justifi-
cation, which was put in by consent, provided the plea of the
general issue was allowed to remain.   The defendant's claim to
open and reply was disallowed, because, as long as the plea of the
general issue remained, it could not be said that the defendant had
admitted plaintiff's case of record, the court saying:  "The de-
fendant's right to the general reply in evidence and the reply in
argument depended on the question whether he had, by his plead-
ing, made himself plaintiff in all the issues before the court."

In *Johnson* v. *Wideman* (Dudley, 325), the action was upon a
note to which the general issue was pleaded, though the real
defence seemed to be that the negro for which the note was
given was utterly worthless, and that the representations made
by the plaintiff at the time of the sale to the contrary were false,
and known so to be by the plaintiff.   Some days before the trial
defendant gave plaintiff notice that he would admit on the trial
the plaintiff's cause of action, upon which the Circuit Judge held
that defendant was entitled to open and reply.   On appeal this
ruling was reversed solely upon the ground that the defendant
had not admitted *on the record* plaintiff's case.

In *Moses* v. *Gatewood* (5 Rich., 234), the action was slander,

and the only plea was justification. *Held*, that defendant was entitled to open and reply. In that case Wardlaw, J., in delivering the opinion of the court, mentions, with obvious disapproval, the exception to the general rule upon this subject, established by the fifteen judges in England in 1832, whereby the plaintiff is allowed the right to open and reply in all cases for personal injuries, as well as for libel and slander, even though the general issue may not have been pleaded, and there is only a special issue, the affirmative of which is on the defendant. What was said, therefore, by Mr. Justice McGowan in *Burckhalter* v. *Coward* (16 S. C., 443) upon the subject of this exception to the general rule, must be read in connection with what is said by Wardlaw, J., in *Moses* v. *Gatewood, supra.*

In *Brown* v. *Kirkpatrick* (5 S. C., 267), the action was on a money demand to recover the amount of the proceeds of sale of certain goods sold by defendants for the account of plaintiff. The defendants answered, admitting all of the allegations of the complaint, and, as an affirmative defence, set up a counter-claim for the amount due them at the time of such sale for advances previously made to the plaintiff. *Held*, that defendants, having by their pleadings admitted the plaintiff's cause of action, and relying solely on their affirmative defence set up as a counter-claim, were entitled to open and reply. We do not find anything in that case to warrant the idea contended for by counsel for respondent, that the affirmative defence must be *new* matter in the sense that it is in no way connected with the subject matter constituting the plaintiff's cause of action. The whole point of that case, as it seems to us, is, that the defendants, having admitted by their pleadings all the facts necessary to constitute the plaintiff's cause of action, thus superseding the necessity for plaintiff to offer any evidence, and relying solely for their defence upon affirmative allegations which it was necessary for them to prove, they thus became the actors, and were, therefore, entitled to open and reply.

In *Kennedy* v. *Moore* (17 S. C., 464), the action was on a note, a copy of which was set out in the complaint. The defendant answered, admitting that he did execute a note somewhat similar to that set out in the complaint, but denied that the note

which he executed was correctly, described or set forth in the complaint; and, on the contrary, alleged that the note which he had executed had been altered by the addition of words, found in the note as copied in the complaint, whereby the note which he had executed was converted into a note bearing interest, *payable annually*, instead of a note bearing only simple interest. *Held*, that defendant was not entitled to open and reply, for the very obvious reason that defendant not having admitted the plaintiff's cause of action as set forth in his complaint, he was bound to prove the note upon which he was suing, and hence was still the actor in the issue raised by the pleadings.

In *Boyce* v. *Lake* (17 S. C., 481), the action was on a note originally given to Chancellor Johnstone, which had, by successive transfers, come to the plaintiff. The defendants answered, admitting the execution of the note, but qualifying that admission by a denial of the plaintiff's right to sue, on the ground that she was a lunatic. Held, that defendant was not entitled to open and reply, for the reason, to use the language of the Chief Justice: "The 49th (a misprint for 59th) rule of the Circuit Court entitles the defendant to open and reply when he admits the plaintiff's whole case; when the admission is so full as upon that alone, in the absence of other defence, the plaintiff would be entitled to judgment. It will be observed that the admission here was not of this full character," because, as might have been added, in order to entitle a plaintiff to recover, he must not only have a cause of action, but also a right of action.

In *McConnell* v. *Kitchens* (20 S. C., 430), the action was upon a contract in writing under seal, the terms of which the complaint purported to set forth, and the defendant answered, in effect, denying that he had executed such a contract as that set forth in the complaint, but that the contract which he did execute contained other stipulations than those found in the contract described in the complaint, and it was very properly held that defendant was not entitled to open and reply, for he had not admitted the plaintiff's case as stated in the complaint, and hence it was necessary for the plaintiff to prove his case.

Recurring, now, to the case of *Burckhalter* v. *Coward* (16 S. C., 435), which was inadvertently passed over in pursuing the

chronological order of the decisions, we find that to be an action for slander in which the defendant, while admitting that he spoke the words charged, substantially, denied all malice in using those words, and also pleading the truth of the charge by way of justification. It was held that the defendant was not entitled to open and reply, because one of the essential ingredients of the plaintiff's cause of action (malice) being denied, it could not properly be said that the defendant had, by his pleading, admitted that the plaintiff's whole cause of action.

The last case upon the subject, so far as we are informed, is *Sanders* v. *Sanders*, 30 S. C., 207. In that case the action was on a note, and the plaintiff, instead of contenting himself with making the allegations usual in such an action, went on to allege that no part of said note had been paid, except the sum of $174. The defendant answered, admitting all of the allegations of the complaint, except that as to the amount stated to have been paid; as to which he alleged that the amount was much larger than that stated in the complaint, and more that sufficient to pay up the note; and then, as a second defence, set up a counter claim for the amount thus alleged to have been over-paid, as well as for another demand, which need not be stated. It was held that defendant was not entitled to open and reply, because the defendant had not, by his pleading, admitted the plaintiff's whole case. The plaintiff sued on a note, upon which he alleged only a certain amount had been paid, and if the defendant had admitted the allegations as thus made, there can be no doubt that, upon the record, as it would thus have stood, the plaintiff, in the absence of any other defence, would have been entitled to judgment for the balance due on the note after deducting the payment as stated in the complaint. But as the defendant did not admit the allegations as made in the complaint, but only a part of them, no such consequence would follow from the pleadings. See *McElwee* v. *Hutchinson*, 10 S. C., 436.

It seems to us that the true rule to be deduced from all these authorities is, that where the defendant, by his pleadings, admits the plaintiff's cause of action, as stated in the complaint, and relies solely upon an affirmative defence, based upon the facts stated in his answer, he is then entitled to open and reply, as the

plaintiff in such a case would have nothing whatever to prove, and the defendant being compelled to assume the burden of proving the facts upon which he rests his affirmative defence, would thus become the actor. The true test is, who would be entitled to the verdict if the case is submitted to the jury simply upon the pleadings without evidence being adduced by either side. If the plaintiff, then unquestionably the defendant being the actor would have the right to open and reply.

Applying this rule to the present case, it seems to us that the Circuit Judge erred in refusing to allow the defendants to open and reply. The plaintiff's whole cause of action was admitted in the answer, for the defendants not only expressly admitted the execution of the note sued on, but by failing to deny any of the material allegations in the complaint, must be deemed to have admitted them also under section 189 of the Code, and their sole reliance was upon their affirmative defence set up in their answer. If, therefore, the case had been submitted to the jury simply upon the pleadings, without evidence from either side, it is very obvious that the verdict would necessarily have been in favor of the plaintiff; for they would have before them an action on a note which the defendants admitted giving, and to which there was no evidence that there was any defence, and the legal consequence would necessarily follow, that the plaintiff was entitled to recover the amount of the note. The allegation that no part of the note has been paid, if regarded as a material allegation, is not denied by the answer and would, therefore, be deemed to be admitted under the section of the Code above cited. There is no pretence that anything was ever paid on the note, and no allegation in the answer to that effect, as it would be altogether inconsistent with the real defence.

As to the allegation that the whole amount is still due, that is more a statement of a conclusion of law than an allegation of fact. It is, therefore, a mistake to say, as contended for by counsel for respondent, that if the case had gone to the jury simply upon the pleadings, the verdict would necessarily have been in favor of the defendants, for that is based upon the unfounded assumption that in such a case the allegations of both complaint and answer would be taken as true. On the contrary,

the allegations of neither the complaint nor the answer would be accepted as true, except such of the allegations of the complaint as were admitted by the answer, either in express terms, or by operation of law for want of denial.

Under this view of the case the questions as to the taxation of costs cannot arise, and, indeed, cannot properly be considered.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

MR. JUSTICE POPE concurred.

MR. JUSTICE McGOWAN, *dissenting.* The practice as to the right to open and reply should be clearly settled. The rule is as follows: the plaintiff being the actor, has as a matter of course, the right to open and reply, "unless the defendant admits his cause by *the pleadings*, and takes upon himself the burden of proof." That is to say, the *plaintiff's whole cause*, so fully as to entitle the plaintiff, in the absence of affirmative defence, to the judgment, &c. See *Boyce* v. *Lake*, 17 S. C., 486; *Sanders* v. *Sanders*, 30 *Id.*, 208.

Was the plaintiff's whole case so admitted in the pleadings here, as to entitle him, without proof, to the verdict? It seems to me, that must depend upon the enquiry, whether the allegation that "no part of the note had been paid, but was still due and owing," was a substantive allegation, distinct from that as to the mere execution of the note. The execution of the note was "admitted" in the answer, but the other allegation above stated was *not* admitted. Indeed, its admission would have been inconsistent with the whole defence. On the contrary, the money allegation was, at least, impliedly *denied* by the defence of failure of consideration. Then was the money allegation a mere statement of legal liability, as an incident of the note? or a distinct allegation of *fact* in the plaintiff's case; and if not admitted, *necessary to be proved?* To say that one is "indebted" to another in a given amount is not merely expressing a conclusion of law, but alleging a fact. *Miller* v. *George*, 30 S. C., 526.

In this respect, it is difficult to distinguish the case from that

of *Sanders* v. *Sanders, supra.* In that case a note was sued on, and the further allegation made in the complaint that a certain amount of money was still due. The answer admitted the execution of the note, but did *not* admit the money allegation. The defence was that the whole note had been paid in full. It was held that "when the plaintiff alleges in his complaint the delivery of a note, and that a certain part of it is still due, it is necessary for him to prove his allegation, and that the defendant was not entitled to the reply." So here, was it not necessary for the plaintiff to prove his money allegation ? In neither case was anything "admitted" but the execution of the note, and if it was necessary in one case to prove *the money* allegation, why was it not necessary in the other ? In regard to the necessity of proving it, I cannot see that there is any difference in principle, between the defence of payment and that of failure of consideration. The question is not whether the defence, if proved, would *incidentally* defeat the money allegation, but whether the plaintiff would not, *in the first instance*, be bound to prove it. It seems not enough, as stated by Lord Chief Justice Denman, that the defendant should admit the cause of action in the record, and pleading only some affirmative fact, which, *if proved*, will defeat the plaintiff's action. The plaintiff is privileged and required to begin whenever anything is to be proved by him." See *Burck-halter* v. *Coward* (16 S. C., 443) and *Mercer* v. *Whall*, 5 Ald. & E. (N. S.), 447.

But it is said that the money allegation, if regarded as material, is *not denied* by the answer, and would, therefore, be deemed to be "admitted" under section 189 of the Code, which declares, "Every material allegation of the complaint, not controverted by the answer, &c., shall, for the purposes of the action, *be taken as true*," &c. I cannot see that this section should have anything to do with the question here. The rule of court declares that the defendant shall have the right to reply, when he *admits* the plaintiff's whole cause of action ; while the section of the Code referred to makes a provision of general law as to what proofs need not, under certain circumstances, be formally offered at the trial in any case. The two provisions have very different objects, and are wholly disconnected. It is said, however, that

inasmuch as the defendants did *not* "controvert" the money allegation, it "must be *taken to be true.*" If this be admitted as to the trial, it seems to me that it is simply the *legal effect of standing silent*, and is not and cannot be properly construed to be a positive "*admission*" in the sense of the rule. This is the first case in which the aforesaid section of the Code has been relied on in making out the "admission" of a defendant, so as to give him the right to reply, and I greatly fear it will lead to further confusion on the subject. In determining the question as to the right to reply, the simple question is, whether the defendant has "admitted" the plaintiff's whole cause ; and, as it seems to me, that can only be ascertained by the express admissions of the defendant as shown by the record. *Mitchell* v. *Fowler*, 21 S. C., 298. I think the judgment below should be affirmed.

Judgment reversed.