### EARLY v. EARLY.

1. REAL PROPERTY—DEED OF ASSIGNMENT.—Where a debtor conveys his lands in trust for benefit of his creditors and after payment of his debts balance in trust for himself, and he compromises his debts, there is no duty for assignee to perform and the legal title vests by operation of law in assignor.

2. OPENING AND REPLY.—Defendant is entitled to open and reply only where it appears on the face of the pleadings that he admits plaintiff's cause of action and relies solely on an affirmative defense.

3. CHARGE here complained of, construed with its connections, did not take from jury whether the will in question conveyed one-half interest in lands or the whole, nor instructed jury that testator at time of his death recognized claim of plaintiff.

Before ALDRICH, J., Darlington, November Term, 1904. Reversed.

Action by B. A. Early against John H. Early. From order granting new trial, plaintiff appeals.

*Mr. E. O. Woods,* for appellant, cites: *Deed of assignment never having become operative, title reverted to assignor:* 37 S. C., 388; 27 S. C., 256; 23 S. C., 279; Burrill on Ass., 257; 16 S. C., 64; 20 S. C., 424; 69 S. C., 292. *Defendant not entitled to open and reply:* 35 S. C., 171; 20 S. C., 433.

*Messrs. Stevenson & Matheson,* for appellant, cite: *Upon composition with creditors legal title reverted in assignor:* 23 S. C., 279; Code, 1902, 2580; 3 Ency., 2 ed., 153. *Is the trust executed?* 18 S. C., 189; 51 S. C., 280; 46 S. C., 526. *Law Court will enforce equitable right:* 74 S. C., 42. *Having failed during trial to urge that title was in assignor, defendant cannot do so on motion for new trial:* 156 U. S., 689; 36 S. C., 585. *Defendant not entitled to open and reply:* 72 S. C., 312; 63 S. C., 292; 35 S. C., 167; 50 S. C., 36.

*Messrs. Dargan & Coggeshall,* contra, cite: *Doctrine of resulting trust does not avail appellant:* 4 Johns. Ch., 687; 7 Rich., 353; 23 Ency. P. & P., 12, 13. *Defendant was entitled to open and reply:* 35 S. C., 171.

July 24, 1906. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for the partition of the lands described in the complaint. The plaintiff alleges that he is the owner in fee of one-half of said lands. The defendant denies the title of the plaintiff and sets up as defenses the statute of limitations, adverse possession, and the presumption of a grant. The issue of title was submitted to a jury, which rendered a verdict in favor of the plaintiff.

The defendant introduced in evidence a deed of assignment executed by the plaintiff on the 29th of December, 1885, whereby he conveyed to C. K. Rogers all his real and personal property (except such as was exempt under the homestead laws) for the benefit of his creditors. There was a provision in the deed of assignment that if there was a

surplus after the payment of debts it should be returned to the assignor. Thereafter, and before any steps were taken by the assignee to execute his trust, the plaintiff effected a compromise with his creditors and satisfied their demands.

The plaintiff contends that the payment of said debts had the effect of revesting in him by operation of law the title to the lands mentioned in the deed of assignment.

The defendant contends that after the deed of assignment conveying the plaintiff's title to one-half of said lands he had only an equitable estate therein, and as there was no testimony tending to show that he thereafter again acquired the legal title to said lands, he could not recover the same in said action.

On a motion for a new trial, his Honor, the presiding Judge, sustained the defendant's contention and granted the motion, but overruled other grounds upon which the defendant relied.

The principle question presented by the plaintiff's exceptions is, whether the legal title to the property conveyed by the deed of assignment became vested in him by operation of law after payment of his debts. The rule is thus stated in 3 Enc. of Law, 153: "An assignment for the benefit of creditors always leaves a resulting trust in the assignor which if the debts have been actually paid or a legal presumption of payment has arisen from lapse of time entitles him to the possession of the assigned property. If after the payment of the assignor's debts there remain a surplus in the hands of the assignee, a resulting trust arises, by operation of law in favor of the assignor, which entitles him to claim such surplus from the assignee." To the same effect is 4 "Cyc.," 284, which says, "When the beneficiaries have been paid in full, together with all costs of administration, there is a resulting trust as to the balance to the assignor." These authorities are in harmony with the cause of *Guggenheimer* v. *Groeschel*, 23 S. C., 274.

The assignee held the lands in trust for two purposes—first, for the benefit of the creditors; and, second, after the

2—75

payment of the debts, for the benefit of the assignor. When the assignor satisfied the indebtedness, there was no duty to be performed by the assignee and no reason why the legal title should remain longer in him. The statute, therefore, executed the use, and the assignor again became possessed of the legal title. *Howard* v. *Henderson,* 18 S. C., 184; *Foster* v. *Glover,* 46 S. C., 522, 24 S. E.. 370; *Holmes* v. *Pickett,* 51 S. C., 271, 29 S. E., 82.

The respondent gave notice that he would ask that the order of the Circuit Judge granting a new trial be sustained on certain grounds in addition to those upon which it was rested by him, these grounds having been urged on the motion for a new trial and having been overruled by the Circuit Judge.

The first of these grounds is as follows: "Because his Honor erred in refusing to permit the defendant to open and reply; he having admitted the plaintiff's cause of action and relied upon affirmative defenses only, and thereby assumed the burden of proof." It does not appear upon the face of the pleadings that the defendant admitted the plaintiff's cause of action and that he relied solely upon an affirmative defense. He was, therefore, not entitled to a new trial. *Addison* v. *Duncan,* 35 S. C., 165, 14 S. E., 305.

The second of the additional grounds is as follows: "Because his Honor erred in charging the jury as follows: 'It is alleged and admitted under the terms of that will that William J. Early and John H. Early became entitled, each in his own right, to one-third of one-half of the above described premises, and to one-third of one-half as trustees of Kathrine von Dohlen. The plaintiff is entitled to one-half of said premises in fee;' it being respectfully submitted that neither the will of J. Frank Early nor the defendant's answer is susceptible of this construction, the effect of this part of his Honor's charge being to take away from the jury one of the very issues that they were called upon to decide, to wit: whether William J. Early and John H. Early acquired title to all the land in question under the will of J. Frank Early, or to only one-half of said land."

In disposing of the grounds for a new trial therein mentioned, his Honor, the presiding Judge, said: "By reference to my charge, it will be seen that I was explaining to the jury the meaning of the complaint and necessarily analyzed the allegations thereof. I did not think then, nor do I now think, that my charge to the jury, read and construed as a whole, took from the jury the issue," whether William J. Early and John H. Early acquired title to all the land in question under the will of J. Frank Early, or only one-half of said land. The reasons assigned by the Circuit Judge are satisfactory to this Court.

The third of the additional grounds is as follows: "Because his Honor erred in charging the jury as follows, to wit: 'The plaintiff alleges that the plaintiff and his cousin, J. Frank Early, bought this land together as tenants in common, each owning one-half, and that they continued to own it up to the death of J. Frank Early. If that was the fact, up to the death of J. Frank Early, he could dispose, by will, *as his will purports to do,* of his one-half undivided interest, and the other one-half interest would remain in the plaintiff. So, if that was the case, we would have this condition of affairs; the plaintiff owning one-half undivided interest in the land and the other passed to the devisees under the will, the undivided one-half interest of J. Frank Early, which he has devised and disposed of by his will;' it being respectfully submitted that the will does not 'purport' to convey one-half of the property in dispute, and there is nothing in said will to justify such construction, the charge of his Honor being tantamount to an instruction to the jury that J. Frank Early, at the time of his death, recognized the claim of B. A. Early, and undertook to dispose, by will, of only one-half of the land in dispute."

The presiding Judge thus disposes of the ground for a new trial therein mentioned: "It is the duty of a Judge to explain the 'purport,' the meaning, of a written instrument, according to its face—whether it be a pleading or any other written instrument. By reference to, and reading the Judge's charge as a whole, it will appear that the Judge here was

explaining the complaint and the will of J. Frank Early. Said will does not 'purport' upon its face to dispose of one-half of the property in dispute. It 'purports' to convey all of the testator's property. An issue before the jury was, 'did the testator own all or an undivided one-half interest in the land?' If that was a fact, 'that J. Frank Early and plaintiff owned the land as tenants in common,' each an individual half interest, 'up to the death of J. Frank Early,' then it is clear that J. Frank Early could only devise his interest in the land, to wit: his individual one-half. It was an issue for the jury to find whether J. Frank Early owned all or one-half interest in the land. If the former, defendant would own all of the land; if the latter, only one-half. I certainly did not mean to instruct the jury, 'that J. Frank Early, at the time of his death, recognized the claim of B. A. Early, and undertook to dispose of only one-half of the land in dispute, by his will,' and I think that a reading of my charge, as a whole and according to the context, will so demonstrate."

We are satisfied that this ground cannot be sustained for the reasons stated by the Circuit Judge.

The respondent did not argue the fourth ground, and we deem it only necessary to say that there was no error in overruling the ground for a new trial therein mentioned.

It is the judgment of this Court, that the order of the Circuit Court be reversed.