### 8272

### GAFFNEY LIVE STOCK CO. v. BONNER.

1. APPEAL.—Insufficiency and preponderance of evidence are issues not considered by this Court.

2. OPENING AND REPLY.—Where a defendant admits plaintiff's case and sets up an affirmative defense, he should open and reply, and evidence in reply to his case may be admitted if he is given privilege of surrebuttal.

3. RELEASE.—THE CHARGE here complained of stated the general principles governing releases and appellant cannot complain that the jury were not instructed that the release of the lien of a chattel mortgage may be made in parol, or that the mortgagor could not recover after such release.

4. OPENING AND REPLY—CLAIM AND DELIVERY.—Where the only defense set up in an action in claim and delivery by mortgagee after condition broken is a release of the mortgage lien, the plaintiff is entitled to judgment if defendant offers no evidence.

5. APPELLANT is not entitled to new trial unless he show prejudicial error.

6. APPEAL.—No exception alleging error in admitting evidence will be considered unless the record shows proper objections thereto.

7. PURCHASER FOR VALUE.—Where the only defense set up to an action in claim and delivery by mortgagor is release of the mortgage lien, the defense of purchaser for value without notice does not apply.

Before ALDRICH, J., Cherokee, November term, 1910. Affirmed.

Action by Gaffney Live Stock Co. against E. B. Bonner. Defendant appeals.

*Messrs. Otts & Dobson,* for appellant, cite: *There was error in ruling out defendant's pleas and limiting the inquiry for the jury:* 24 Ency. 284, 285; 86 S. C. 143, 317; 35 S. C. 165; 49 S. C. 550.

*Messrs. Butler & Hall,* contra, cite: *Plaintiff entitled to opening and reply:* 63 S. C. 290; 75 S. C. 15, 342; 29 Cyc. 1545.

July 26, 1912.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   The plaintiff brought this action, in claim and delivery, for the possession of the mule described in the mortgage set up in the complaint.

The mortgage was executed by one Wm. Sam'l Lipscomb, from whom the defendant bought the mule.

The answer of the defendant alleges: "That the said mule is in his possession and admits, on information and belief, the execution of the mortgage referred to in said paragraph and the outstanding indebtedness on the same, but alleges that the said mule was released from the lien of said mortgage by the agreement and facts hereinafter set out."

The defendant further set up that the mule seized in this action was turned over to this defendant by the said Lipscomb, by agreement with the plaintiff, in place of another mule, also under mortgage, which the plaintiff had previ-

ously seized, and that before the exchange the plaintiff had released his mortgage on the mule sued for.

For a third defense, the defendant alleges:

"That defendant having paid two hundred dollars in good and lawful money to W. S. Lipscomb for the mule which was seized first by plaintiff and having accepted the mule described in the complaint herein in the place and stead of said mule, as a complete satisfaction for the purchase price paid as aforesaid, and relying on the agreement and release on the part of plaintiff as hereinbefore set forth and not having any knowledge or notice that the said plaintiff had or would make any further interest or claim, whatever, on the said mule, is a *bona fide* purchaser for value without notice from the said W. S. Lipscomb."

It is thus seen that there was but a single question in the case. Did the plaintiff release the mortgage on the mule? The answer to that question was one of fact for the jury, with which this Court has nothing to do. That question the presiding Judge distinctly and unmistakably presented to the jury. In order not to complicate the matter and confuse the mind of the jury, the Judge refused all requests to charge. When there is but a single question, the clearest and shortest statement that can be made is much to be commended.

The jury found for the plaintiff and the defendant appealed upon the following exceptions:

1. (1) "Because the presiding Judge erred in not granting a new trial to defendant on his motion for same, in that the evidence as adduced before the jury at the trial of this case was not sufficient to support the verdict of the said jury.

(2) "Because the presiding Judge erred in not granting a new trial, in that the testimony clearly shows by the preponderance of the evidence that the plaintiff had released the mule referred to in the complaint and had no right to bring claim and delivery for the possession of same."

Mere insufficiency of evidence and preponderance of evidence cannot be considered by this Court in actions of law, and these exceptions are overruled.

2. (3) "Because the presiding Judge erred in allowing the witness H. M. Johnson to testify in reply after the defendant had closed its testimony in reply, the said presiding Judge having forced said defendant to open the testimony in the case; in that same was in violation of the rule of evidence and prejudicial to the case of defendant."

The defendant having admitted the plaintiff's case and set up an affirmative defense, was entitled to the opening and reply. His Honor had the right to allow the introduction of the evidence after the other evidence had closed preserving the defendant's right to reply. The defendant, however, not only did not claim this right, but strenuously denied it.

This exception is overruled.

3. (4) "Because the presiding Judge erred in failing to charge the jury the legal bearing of a release in law, and, further, that said release need not be in writing where same referred to personal property; as defendant requested should be done.

(5) "Because the presiding Judge erred in failing to charge the jury that if the plaintiff did verbally release the said mule from the lien of the mortgage, under which same was seized in this action, as contended by defendant, that the plaintiff was estopped from recovering same under this action; defendant having requested that the jury be charged as to same."

His Honor presented the question of a release without any restrictions or qualifications and as presented included any form of release. The defendant has no right to complain. This exception is overruled.

4. (6) "Because the presiding Judge erred in holding that the answer of defendant would entitle plaintiff to a

judgment in case defendant put up no testimony, and in further holding that defendant should open the testimony, in that the said answer did not admit that the said mortgage debt was past due, nor that plaintiff was entitled to the possession of said mule, nor that same was in the possession of defendant at the time of seizure."

The sole question raised by the answer was that the mortgage had been released and that was an affirmative defense and unless made out by proof the plaintiff was entitled to judgment. The question as to whether the debt was due or not was not raised in the Circuit Court, although his Honor called for the reason. The objection there was as to a "demand." This exception is overruled.

5. (7) "Because the remarks of the presiding Judge as to the plaintiff being entitled to judgment, if defendant put up no testimony, had a tendency to prejudice the case of defendant in the minds of the jury."

It is not prejudice, but prejudicial error that entitles one to a new trial.

This exception is overruled.

6. (8) "Because the presiding Judge erred in allowing the witness H. M. Johnson to testify as to the amount of money that he had lost on the party, W. Sam Lipscomb, from whom defendant had purchased the said mule, as said testimony was not relevant and tended to prejudice defendant's rights."

The record shows no objection to this testimony, hence this exception cannot be considered.

7. (9) "Because the presiding Judge erred in not charging the jury as to the defense of innocent third purchaser for value and without notice, same being set up as a defense in the answer of defendant and there being some evidence to support said defense."

The want of notice was based upon the release. The defendant pleaded the release of this very mortgage. Purchaser for value without notice does not apply.

8. (10) "Because the presiding Judge further erred in his charge to the jury in that he used the following language:

"Now, a great many questions have been brought out in this case by the parties on both sides that I do not think are germane to the issues in any respect whatever; therefore, I am not going to encumber the case with these propositions.

"The questions for you to decide are those which I have presented to you; they are the rules that are pertinent to this subject and those are the only questions; I am going to leave them thus because they will decide the points you may have on that issue.

"By charging thus the presiding Judge thus in effect charged on the evidence in the case, taking from the consideration of the jury the issues referred to in the above exceptions and narrowing the compass of the case in the minds of the jury to an extent particularly prejudicial to defendant's rights."

What has already been said fully disposes of this exception and it is overruled.

The judgment of this Court is that the judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY *concurs in the result.*