## 11225

### STRODE v. BARNES

#### (117 S. E., 420)

1. TRIAL—DEFENDANT PLEADING THAT SHE SIGNED LITIGATED NOTE UNDER DURESS HAS NO RIGHT TO OPEN AND CLOSE.—In an action on a note a defendant who pleaded that she signed the note under duress has no right to open and close.

2. INTERNAL REVENUE—UNSTAMPED NOTE HELD ADMISSIBLE IN EVIDENCE.—The admission of an unstamped note in evidence, *held* not error.

3. BILLS AND NOTES—PAYEE MUST HAVE NOTICE OF DURESS TO AVOID NOTE.—Under Georgia laws, to avoid a note for duress, the payee must have notice of the duress.

4. APPEAL AND ERROR—RULING THAT CONTRACT WAS GOVERNED BY LAW OF PLACE OF MAKING AND NOT BY LAW OF PLACE OF PERFORMANCE, HELD NOT PREJUDICIAL ERROR.—Where appellant alleged that the litigated note was void by the laws of both Georgia and Pennsylvania, and relied in part on the Statutes of Georgia, the ruling of the trial Judge that the contract was governed by the laws of Georgia, where the note was made, and not by the laws of Pennsylvania, where it was made payable, *held* not prejudicial error.

5. HUSBAND AND WIFE—UNDER GEORGIA LAW NOTE OF MARRIED WOMAN PRESUMED FOR HER OWN DEBT.—There is a presumption in Georgia that a note made by a married woman is for her own debt.

6. HUSBAND AND WIFE—MORAL OBLIGATION NOT SUFFICIENT CONSIDERATION TO SUPPORT NOTE OF MARRIED WOMAN.—In action on a note made in Georgia and payable in Pennsylvania, an instruction that a moral obligation is sufficient consideration to support note of a married woman, and that, when she makes a note to secure such a debt of her husband, it may thereby become an original obligation for which she is liable, *held* error.

Before RICE, J., and H. P. GREEN, Special Judge,, Spartanburg, March, 1922.  Reversed and remanded.

Action by Norman A. Strode against Mrs. Nellie W. Barnes.  Judgment for plaintiff and defendant appeals.

*Messrs. Bomar, Osborne & Brown,* for appellant, cite: *Right to open and reply*: 107 S. C., 294; 63 S. C., 290; 35 S. C., 165; 50 S. C., 25.  *Law of place where contract is to be performed governs*: 5 R. C. L., 936; 55 S. C., 320;

68 S. C., 238; 49 S. C., 407. *Presumption where husband and wife signed note, that wife signed as surety*: 99 Ga., 531; 6 Pa., 419; 1 Sup. Ct., 490 (Pa.) ; 7 Lane Rev., 109 (Pa.) ; 19 Pa. C. C., 650. *Right of wife to bind separate estate in Georgia:* Code, Sec. 3007. *Wife cannot assume payment of husband's debt in Georgia:* 62 S. E., 826; 71 S. E., 678; 96 S. E., 9; 99 S. E., 705; 89 S. E., 186; 72 S. E., 44; 99 Ga., 539; 92 Ga., 370; 82 S. E., 663; 92 S. E., 631; 65 Ga., 92; 84 Ga., 309; 98 Ga., 428; 99 Ga., 531; 105 Ga., 468. *In Pennsylvania wife may not become accommodation endorser, maker, guarantor or surety:* 30 Atl., 1045; 58 Atl., 862; 55 Atl., 949; 194 Pa., 141; 19 Phila., 100; 132 Pa., 496; 14 Pa. C. C., 575; 165 Pa., 526 *No estoppel:* 6 Pa., 419.

*Messrs. Lyles, Daniel & Drummond,* for respondent, cite: *Note without revenue stamps admissible:* 252 U. S., 286. *Duress:* 59 S. E., 193; 93 S. E., 1021; 50 S. E., 488. *Contract valid where made will be enforced elsewhere if not violative of positive laws:* 13 S. E., 138; 6 Vt., 102; 31 S. E., 141. *Presumption that note of married woman was given for value:* 59 S. E., 193; 44 Pa. Sup. Ct., 310. *Release of debt due by husband is valid consideration to support wife's note:* 240 Pa., 553; 105 S. E., 625; 50 S. E., 488; 35 S. E., 690. *Married woman may become partner and as such bound for partnership debts:* 67 S. E., 884; 35 S. E., 690. *Wife liable on joint obligations with husband:* 92 S. E., 299; 11 S. E., 1032; 67 S. E., 885.

May 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's statement of facts:

"This is an action begun by service of summons and complaint in the Court of Common Pleas for Spartanburg County on or about the 18th day of July, 1921, and which came on for trial before Judge Rice, who became sick, and

trial proceeded before Special Judge H. P. Greeen and a jury at the March term, 1922, of the Court of Common Pleas for Spartanburg County.

"This suit is upon the promissory note hereinafter more specifically described, and which resulted in a verdict in favor of the plaintiff against the defendant, as follows:

'We find for plaintiff $4,500; interest, $252.75; attorney's fee, $360—total, $5,112.75.'

"The title of the cause was Norman A. Strode against W. F. Barnes and Nellie W. Barnes, but W. F. Barnes was never served with process and did not answer. Upon this verdict judgment was duly entered, and in due time notice of appeal given."

I. The first assignment of error is the refusal of the presiding Judge to allow the appellant the opening and reply. This assignment of error cannot be sustained. The defendant pleaded that she had signed the note under duress; in other words, that it was not her obligation.

In *Thompson v. Ins. Co.,* 63 S. C., 292; 41 S. E., 465, we find:

"The denial that Elliott Estes was the agent of the defendant was, in effect, a denial that the defendant entered into the contract as set forth in the complaint."

II. The next question is the admissibility of an unstamped note in evidence. The Federal Statutes never did make rules of evidence for State Courts, and, further, that provision in the Federal Statutes has been omitted from the late Acts.

III. The next assignment of error is that his Honor the trial Judge held that, in order to avoid a note for duress, the payee must have notice of the duress under the laws of Georgia, where the note was made.

In *Bateman v. Cherokee Fert. Co.,* 21 Ga. App., 158; 93 S. E., 1021, we find:

"Where a wife enters into an unambiguous written con-

tract whereby she is to become the owner of certain timber, and agrees to pay a stipulated price therefor, she is bound by her obligation as purchaser, if the seller committed no fraud upon her nor knew of any committed by the husband, notwithstanding the fact that by reason of such purchase an indebtedness of the husband, based upon a prior sale of the same property to him, was to be canceled."

IV. It is assigned as error that the trial Judge held the contract was governed by the laws of Georgia, where the contract was made, and not by the laws of Pennsylvania, where the contract was to have been performed. No prejudicial error has been shown by this assignment. The appellant alleged that the note was void by the laws of both States, and relied in part on the Statutes of Georgia.

V. The next question is: Was it error to hold that there is a presumption in Georgia that a note made by a married woman is for her own debt?

In *Farmers' & Traders' Bank v. Eubanks,* 2 Ga. App., 839; 59 S. E., 193, we find:

"Where a married woman gives her individual negotiable note, the presumption of law is that she gave it on her own contract and for value, and when sued thereon the burden is on her to show that the note falls within some of the restrictions on her right to contract, and that the holder of the note had notice of its invalidity."

This note was given to the husband. This assignment of error cannot be sustained.

VI. The next assignment of error is that his Honor charged the jury that a moral obligation is sufficient consideration to support a note of a married woman, and, when she makes a note to secure such a debt of her husband, it may thereby become an original obligation for which she is liable.

In *Simmons v. International Harvester Company of America,* 22 Ga. App., 358; 96 S. E., 9, the Court holds:

"Under our law a married woman cannot assume the debt of her husband (Civil Code of 1910, § 3007), and no superficial appearance will be permitted to lead the Court away from the true inwardness of the transaction. *Bank of Eufaula v. Johnson,* 146 Ga., 791; 92 S. E., 631. Thus, if the wife did not in fact purchase and was not to receive the machinery under the contract sued on, but the whole transaction was merely a colorable scheme or device by which the wife was induced by the plaintiff to assume the previous debt of the husband, without any consideration flowing to her, she would have the right to repudiate the entire illegal and void transaction, no matter by what device its true inwardness and purpose had been concealed."

This assignment of error is sustained.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting) : Action upon a promissory note signed by W. F. Barnes and Nellie W. Barnes, dated November 12, 1920, payable six months after date to the plaintiff, Norman A. Strode, for $6,000, with interest from maturity at 6 per cent. together with 10 per cent. attorney's fees in the event of suit of collection by an attorney. The note was executed and delivered at Haddock, in the State of Georgia, and made payable at the First National Bank of Westchester, in the State of Pennsylvania.

The action was brought against both of the makers of the note, but only the defendant Nellie W. Barnes was served, she being made a party to the levy of an attachment upon certain real estate owned by her in the city of Spartanburg. The defendant Nellie W. Barnes answered the complaint, which was in the usual form, and, admitting the execution of the note, set up various defenses as follows:

(1) That the note was without consideration.

(2) That she signed the note as an accommodation indorser or as surety for her husband, W. F. Barnes, whose

indebtedness to the plaintiff the note represented, and that both under the laws of Georgia, where the note was executed, and under the laws of Pennsylvania, where it was to be paid, such an obligation of a married woman was null and void.

(3) That the note was signed by her under such circumstances of duress on the part of her husband and one S. O. Barber (which was detailed) as rendered it not her voluntary act, and that the plaintiff was fully aware of such circumstances.

The trial began before Circuit Judge Rice and a jury at March term, 1922. During the trial Judge Rice became ill, and the trial proceeded under Special Judge Halcott P. Green. At the opening of the trial counsel for defendant claimed the right to open and reply in the evidence and argument, which claim was diallowed by Judge Rice.

The evidence tended to establish the following facts, the history of an unfortunate venture caught in the "back-wash" of the war:

The defendant, Nellie W. Barnes, owned a tract of timber land in Georgia upon which she and her husband and son proposed to develop a sawmill industry, with the well-known alluring prospects of such enterprises. The husband was financially invalid, and the business was commenced under the name of Barnes Lumber Company, a partnership composed of Nellie W. Barnes and her son, Wilson Barnes, the husband, however, taking an active part in the management of it. Shortly after its inception the plaintiff, Norman A. Strode was let into the golden prospect by the purchase at $5,000 cash from the wife and son of one-third interest in the business. This was on April 12, 1920.

W. F. Barnes, his wife, Nellie W. Barnes, his son, Wilson Barnes, and the plaintiff and his wife, entered vigorously upon the enterprise, all of them living at the timber camp. It was a time of inflated prices, and all went well for a while. Later in the year deflation levied a heavy toll upon

this and many other ventures. The price of lumber fell deplorably, and disappointment in expected profits begot friction and dissatisfaction. Strode wanted to get out, and the defendants wanted to get rid of his. On November 12, 1920, a trade was made by which Strode was to dispose of his interest for $6,000, which was to include also a note for $1,500 which Strode owed to one Barber, upon which Nellie W. Barnes was an indorser. The trade was consummated by the execution and delivery of the note sued upon, signed by W. F. Barnes and Nellie W. Barnes. At the same time Strode executed a receipt for the note in which he described it as the note of Nellie W. Barnes and Wilson Barnes. It contained this statement:

"For my one-third interest in the Barnes Lumber Company, which one-third interest is this day relinquished and given over to Nellie W. Barnes and Wilson M. Barnes."

This receipt was typewritten by Wilson Barnes at the dictation of W. F. Barnes, although Nellie W. Barnes testified that she never saw it until it was produced at the trial.

It was a disputed issue in the case whether the trade for the acquisition of Strode's interest was made between Strode and W. F. Barnes or between Strode and Nellie W. Barnes. The plaintiff testified that W. F. Barnes was insolvent, and that he traded solely with Nellie W. Barnes, that she was to acquire his interest, and that the note was her individual obligation. Both W. F. Barnes and Nellie W. Barnes testified that W. F. Barnes was the sole purchaser of Strode's interest, and that Nellie W. Barnes was simply an accommodation maker or surety for the obligation of W. F. Barnes. It was upon this theory that she founded her contention that as a married woman, securing a debt of her husband, she was exempt from liability under the laws of both Georgia, where the note was executed, and Pennsylvania, where it was made payable.

As there was some evidence tending to sustain the contention of Nellie W. Barnes that the debt was that of her husband, and that it was signed by her under duress, the exceptions of the defendant to certain phases of the law bearing upon such contentions are properly before the Court for consideration.

The verdict of the jury was for $5,112.75 in favor of the plaintiff, made up as follows as expressed in the verdict:

The note ................................................................$4,500.00
Interest ................................................................  252.75
Attorney's fees ........................................................  360.00

Total ................................................................$5,112.75

Evidently the jury deducted from the face of the note ($6,000) the $1,500 Barber note, upon which the defendant was admittedly only a surety.

From the judgment entered upon this verdict the defendant, Nellie W. Barnes, has appealed, and relies upon the following contentions:

(1) That the Circuit Judge erred in denying to the defendant the right to open and reply in the evidence and argument.

(2) That the Circuit Judge erred in holding that in order to sustain the defense of duress the defendant must show that the payee of the note had notice of this.

(3) That the Circuit Judge erred in holding that the liability of the defendant upon the note was to be determined by the laws of Georgia, where the note was executed, and not by the laws of Pennsylvania, where it was payable.

(4) That the Circuit Judge erred in charging that the presumption is that the note was given for the debt of the parties making it, and that, in order to defeat recovery upon it, the defendant must overcome this presumption, and show by the greater weight of evidence that she owed no part of the obligation for which it was given.

(5) That the Circuit Judge erred in charging that, while a married woman is not liable under the laws of Georgia or Pennsylvania upon a note signed by her as surety, the law does not prevent her from recognizing a legal or moral obligation and executing her note to secure the obligation whatever it may be; that, when she does that, it becomes her own obligation as principal, and not as surety.

As to the first contention: The right of the defendant to open and reply depends upon the state of the pleadings: the rule of the Court providing that it shall exist only when the defendant "admits the plaintiff's cause by the pleadings and takes upon himself the burden of proof." Rule 59, Circuit Court. This rule has been construed in numerous cases to mean that the defendant is entitled to open and reply only when the pleadings are such that, if the case should be submitted upon the pleadings alone, without evidence on either side, a verdict should be directed for the plaintiff. *Addison v. Duncan,* 35 S. C., 165; 14 S. E., 305. *Martin v. Suber,* 39 S. C., 525; 18 S. E., 125. *Beckham v. Railroad Co.,* 50 S. C., 25; 27 S. E., 611. *Thompson v. Ins. Co.,* 63 S. C., 290; 41 S. E., 464; *Kennington v. Catoe,* 68 S. C., 470; 47 S. E., 719. *Early v. Early,* 75 S. C., 15; 54 S. E., 827. *Gaffney Co. v. Bonner,* 92 S. C., 122; 75 S. E., 369. *Sternheimer v. Ass'n,* 107 S. C., 297; 93 S. E., 8.

The complaint in the case at bar alleges the execution of the note, detailing its terms; that the plaintiff is the owner and holder thereof; that it was past due; that payment had been demanded; and that no payment had been made.

The answer admits the execution of the note as alleged in the complaint, and pleads want of consideration, exemption from liability upon the ground that she was a married woman, and under the laws of Georgia and Pennsylvania she was not liable for the debts of her husband for which as surety she signed the note, and that the note was signed by her under duress. As to the allegations of the complaint

that the plaintiff was the owner and holder of the note, that it was past due, that payment has been demanded, and that no payments have been made, the allegation of the answer is that, "for want of information, this defendant can neither admit nor deny" them. This amounts to no denial of these allegations, and they are to be deemed admitted.

So that, as the pleadings stand, the cause of action stated in the complaint is admitted; the defendant assuming the burden of establishing his affirmative defenses. The case comes squarely within the decision of this Court in the case of *Addison v. Duncan*, 35 S. C., 165; 14 S. E., 305, and the principle above announced. In the case cited the action was upon a note. The answer admitted the execution of the note and pleaded want of consideration and mistake. This Court, after a full review of the authorities, held that the defendant was entitled to the opening and reply upon the ground that, "if * * * the case had beeen submitted to the jury simply upon the pleadings, without evidence from either side, it is very obvious that the verdict would necessarily have been in favor of the plaintiff."

In 15 Enc. Pl. & Pr., 194, it is said:

"In all suits on promissory notes, bills of exchange, accounts, insurance policies, or any other form of money demands where the amount claimed is liquidated, and can be ascertained without the necessary proof, the defendant is entitled to open and close the evidence and argument if he relies for his defense solely on affirmative pleas, as payment, failure or want of consideration, or duress, set-off and counterclaims, usury, or other pleas in bar by way of confession and avoidance."

It is regrettable that a judgment should be set aside upon a matter of practice, but the right to open and reply is considered a substantial one, for the denial of which new trials have been frequently ordered.

As to the second contention: The Court correctly charged that defendant, in order to defeat recovery on the ground

of duress, must not only show the duress, but also that the plaintiff had notice of the claimed vice.

In *Farmers' & Traders' Bank v. Eubanks,* 2 Ga. App., 839; 59 S. E., 193, it was held that, where a married woman · gives her note, the presumption of law is that she gave it on her own contract and for value, and when sued thereon the burden is on her to show that the note falls within some of the restrictions on her right to contract, and that the holder had notice of its invalidity when he took it. And in *Bateman v. Cherokee Fert. Co.,* 21 Ga. App., 158; 93 S. E., 1021, the same Court held that, where a wife enters into a contract to become the purchaser of a piece of timber "she is bound by her obligation, if the seller practiced no fraud upon her, nor knew of any committed by the husband." And in *Johnson v. Leffler,* 122 Ga., 670; 50 S. E., 488, where a wife had given a note and mortgage for money borrowed to pay her husband's indebtedness, which the lender knew was intended to be used by her for such purpose, and where the payee was the plaintiff, and the wife pleaded that she was coerced into executing the note by the threats of her husband, that Court said:

"There was no evidence that the payee and mortgagee had notice of such threats at the time he made the loan for which the note and mortgage were given. Therefore, on the issue as to duress, a finding in his favor was demanded."

The defendant has no right to complain of this ruling upon the further ground that she alleges in her answer:

"This defendant charges that this said Strode was aware of the acts and doings herein charged to the said Barber, who was acting for the said Strode with his full knowledge and consent."

In addition to this the same idea was incorporated in the defendant's request to charge No. 4, which was allowed.

As to the third contention: At the request of defendant's counsel the Circuit Judge charged that, so far as the capacity of the party signing the note was concerned, the

law of Georgia should be applied, and further at his request construed the law of Georgia to relieve the defendant of liability if the debt was that of her husband. The defendant has nothing to complain of in this particular. At any rate no prejudice to the rights of the defendant is shown by the application of the law of Georgia or benefit lost by not applying the law of Pennsylvania.

As to the fourth contention: The charge complained of in the sixth exception was sound, and is sustained by the laws of both Georgia and Pennsylvania.

In *Farmers' & Traders' Bank v. Eubanks,* 2 Ga. App., 839; 59 S. E., 193, it is said:

"Where a married woman gives her individual negotiable note, the presumption of law is that she gave it on her own contract, and for value, and, when sued thereon, the burden is on her to show that the note falls within some of the restrictions on her right to contract."

In *Atkins v. Grist,* 44 Pa. Super. Ct., 310, it was held that—

"*Prima facie,* when husband and wife join in the execution of an obligation, they are joint debtors and subject to all the legal incidents of joint indebtedness. There is no presumption that either is a surety."

Also at common law it is presumed that a note is given for the debt of the parties making it.

As to the fifth contention: The proposition contained in this charge is amply supported by the case of *Ferguson v. Harris,* 39 S. C., 323; 17 S. E., 782; 39 Am. St. Rep., 731, and no authority from Georgia has been cited to impugn its correctness.

Certainly, if the defendant was under a legal obligation, her promise, even as surety, would have been valid; and the above case is conclusive if she was under a moral obligation.

There is evidence tending to show that the defendant felt herself under some obligation to the plaintiff; exastly what it was does not appear; but, according to her own state-

ment, she was willing to sell her house and reimburse him for what he had invested.

Another view of the matter may be suggested: Assuming that W. F. Barnes was the purchaser of the plaintiff's interest, and that the defendant signed the note with her husband, there is evidence in the case tending to sustain the inference that the note was the joint undertaking of the two; that the obligation of each was sustained by a valuable consideration. The consideration moving to W. F. Barnes under this assumption would be the acquisition of the plaintiff's interest; that moving to the defendant, who was largely interested in the enterprise, the substitution of her husband, as owner of the other third interest, for the plaintiff, who had become intensely *persona non grata,* and whom she was anxious to be rid of. It is significant that in her letter to Barber, dated November 12, 1920, the very day the note was executed, she wrote: "Mr. Strode left today and we gave him a note for $6,000."

MR. JUSTICE MARION concurs.